PEOPLE *v.* BLANCHARD.

1. CRIMINAL LAW—APPEAL—CONFLICTING EVIDENCE.
    The court, on appeal in a criminal case, will not weigh conflicting evidence.

2. ROBBERY—ASSAULT WITH INTENT TO ROB—EVIDENCE.
    A respondent charged with robbery may be convicted of an assault with intent to rob, though the evidence of the people, if believed, shows the commission of the complete offense.

3. SAME—INSTRUCTIONS—JOINT RESPONDENTS.
    In a prosecution for robbery, a requested instruction that neither of the respondents could be held responsible for what

anybody else did was sufficiently included in a charge that, in order to convict either respondent, there must be evidence of the guilt of that particular respondent, and that it was the duty of the jury to consider the case of each respondent separately.

4. SAME—CREDIBILITY OF WITNESSES.

In a prosecution for robbery, an instruction that the credibility of the witnesses was for the jury, that they should consider the interest of each one in the case, his manner of giving testimony, the opportunity he had for observing, etc., was not objectionable on the ground that it cautioned the jury against the testimony of respondents.

Error to Houghton; Streeter, J. Submitted February 26, 1904. (Docket No. 196.) Decided March 23, 1904.

Fred Blanchard and John McLeod were convicted of assault with intent to rob. Affirmed.

*P. H. O'Brien*, for appellants.

*Oscar J. Larson*, Prosecuting Attorney, for the people.

GRANT, J. Under an information charging the respondents with the robbery of one Mansau, they were convicted of assault with intent to rob. Mansau was a peddler, and claimed to have been robbed at a lumber camp where the respondents were employed. There are numerous assignments of error, but counsel for the respondents divides them into two classes,—those directed against the sufficiency of the evidence, and those directed against the charge of the court and refusals to give certain requests.

1. There is a conflict of evidence. The prosecuting witness, Mansau, testified positively to facts which, if true, showed that the respondent Blanchard actually took money from his person, and that respondent McLeod attempted to do it. The respondents and other witnesses present at the time of the affair gave testimony tending to show the innocence of the respondents. In criminal cases, where there is a conflict, this court will not weigh

the evidence to determine the guilt or innocence of the accused. *People* v. *Henssler*, 48 Mich. 49 (11 N. W. 804); *People* v. *Hubbard*, 92 Mich. 322 (52 N. W. 729).

2. Even though the evidence on the part of the people, if believed, showed that respondent Blanchard was guilty of robbery, he still could be convicted of the lesser offense of assault with intent to rob. *Hall* v. *People*, 47 Mich. 636 (11 N. W. 414); *People* v. *Miller*, 96 Mich. 119 (55 N. W. 675).

3. Error is assigned upon the refusal to instruct the jury that there was no testimony tending to show any concerted action between the respondents, or between them or either of them and anybody else, and that neither of the respondents could be held responsible for what anybody else did while the peddler was in the camp. The rights of each of the respondents were sufficiently protected by the following instruction of the court:

"Bearing in mind what I have said, you are to consider the case of the defendants separately. In order to convict either defendant, however, of the charge made against him in this information, there should be evidence against such defendant which convinces you, beyond a reasonable doubt, of the guilt of that particular defendant. While these defendants are tried together and are charged with a joint offense, it is necessary that evidence should be given against each one of them, and it is within the power of the jury, and it is the duty of the jury, to consider the case of each defendant separately, as though he were on trial here alone; and if the evidence is not sufficient to convict him, no matter whether it is sufficient to convict the other or not, then you should consider the case of each one just the same as if he were on trial alone, and you can render a verdict with regard to one which may be one way, and with regard to the other which may be the other way. * * *

"Now, if you find from the testimony in this case, beyond a reasonable doubt, that both of the men who are accused in this case, that is, McLeod and Blanchard, had hold of the peddler with the intention of robbing him, and that McLeod did not take anything from the person, and that Blanchard did, you can find both guilty of robbery. If you find from the testimony in the case that they were

not engaged in this common purpose, but that McLeod intended to rob, without having any knowledge or taking any part in Blanchard's acts and intentions, and was prevented from doing so, you can find him guilty of assault with intent to rob. In either case, as I said, you must be satisfied, beyond a reasonable doubt, that they are guilty, or else it is your duty to acquit them."

The evidence fully justified these instructions.

4. Error is assigned upon the following instruction:

"You are to determine the questions of fact which are raised by the testimony in this case, and, in determining those questions, I can give you no assistance whatever, except to say that the credibility of the witnesses—of all the witnesses in this case—is entirely a question for you. You have heard the testimony given on both sides. You are to weigh the testimony, and consider the testimony of each of the witnesses by the same rule. You will consider the interest that each one has in the case. You will consider his manner of giving his testimony, whether it impresses you as being a truthful statement of what he knows or not. You will consider the opportunities he had for observing, because it appears that some of the witnesses had excellent opportunities for observing what was going on, and some had almost no opportunity, very little. * * *"

The objection urged against this instruction is that it cautioned the jury against the testimony of the respondents. We do not think the instruction is susceptible of that construction. On the contrary, it would seem to be very favorable to the respondents, for they had the best of opportunities for knowing what took place. The charge as a whole was a clear exposition of the law applicable to the case, and we deem it unnecessary to discuss any of the other errors assigned.

The conviction is affirmed.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. HOOKER, J., concurred in the result.