PEOPLE *v.* BAXTER.

1. INDICTMENT AND INFORMATION—WHEN ACCUSED MAY BE CONVICTED OF ATTEMPT OR COMPLETED OFFENSE.

If an information admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, although the evidence shows a completed offense.

2. CRIMINAL LAW—UNDER INFORMATION CHARGING ATTEMPT AND COMPLETED OFFENSE ACCUSED MAY BE CONVICTED OF EITHER IF EVIDENCE SO WARRANTS.

An information may charge the crime of consummated bribery in one count and an attempt to bribe in another, and if some of the evidence at the trial shows bribery consummated, and other evidence shows an attempt to bribe only, an accused may be convicted of either offense as the jury may find.

3. SAME—INCONSISTENT CLAIM WITHOUT MERIT.

Where, at the close of proof in behalf of the prosecution, defendant's counsel moved to dismiss the count for bribery, and, at the close of all of the proofs, requested that the jury be instructed that there was no bribery shown, and to limit consideration to the issue of attempt to bribe, which motion and request were refused, there is no merit in counsel's claim, on review of defendant's conviction of attempt to bribe, that defendant was guilty, if at all, of bribery.

4. SAME—EVIDENCE—TRANSCRIPT MUST BE PROVED BY STENOGRAPHER.

The stenographer's transcript of testimony given by witnesses in a proceeding for discovery of the crimes charged in the instant case could not be introduced in evidence until proved by the stenographer.

5. SAME—PERMITTING USE OF TRANSCRIPT IN TESTIMONY.

Permitting the prosecutor, in cross-examining defendant's witnesses, to read from and incorporate extracts in questions to them from a transcript of their testimony given in a proceeding for the discovery of the crimes charged, and denying said transcript to defendant's attorney until it was properly introduced in evidence, held, not reversible error.

6. BRIBERY—ATTEMPT TO BRIBE—INSTRUCTIONS.

Failure of the trial judge, in defining the crime of attempt to bribe, to state as an essential element thereof the failure to consummate bribery, was not reversible error, since it would seem that any juror instinctively knows, without solemn instruction, that an attempt to bribe carries the meaning that bribery was attempted and not consummated.

7. CRIMINAL LAW—IMPEACHMENT OF WITNESS ON COLLATERAL MATTER.

Permitting the contradiction or impeachment of a witness on a collateral matter, although error, held, not reversible error.

8. SAME—EVIDENCE—ADMISSIBILITY OF STATEMENTS OF COCONSPIRATORS IN DEFENDANT'S ABSENCE—INDICTMENT AND INFORMATION—INSTRUCTIONS.

In a prosecution for bribery and attempt to bribe, the admission in evidence of statements made in defendant's absence by others charged as having conspired with him to commit the crimes alleged was not error because the information did not

charge conspiracy, where the court instructed the jury that such statements could be considered only if they were satisfied beyond a reasonable doubt that such conspiracy existed, that defendant was a party thereto, and that statements not made in defendant's presence were spoken in furtherance of the purpose of the conspiracy after it was formed and before it was ended.

Error to Kent; Cross (Orien S.), J., presiding. Submitted October 11, 1928. (Docket No. 120, Calendar No. 33,564.) Decided December 4, 1928.

Archie W. Baxter was convicted of an attempt to bribe. Affirmed.

*Willard McIntyre* (*George E. Nichols,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, and *Jay W. Linsey,* Special Prosecuting Attorney, for the people.

WIEST, J. Under an information charging defendant, in one count with bribery and in another count (involving the same instance and circumstances) with attempt to bribe, he was convicted, by verdict of a jury, of an attempt to bribe. Review is by writ of error.

The information charged that defendant acted in concert with others named therein. Defendant was tried separately. It is said that one other, so named in the information, pleaded guilty to bribery, and another, upon trial, was convicted of bribery. Inasmuch as it was claimed by the prosecution that all persons named in the information were acting in concert, we are urged by counsel for defendant to hold that he should have been convicted, if at all, of bribery, and, under the evidence, it was error to

submit both counts to the jury. The prosecution was wise in laying the charge in two counts, for there was evidence tending to show bribery consummated, and also an abortive attempt to bribe.

Defendant invokes the rule, operative in some jurisdictions by judicial holdings, and in others by statute, that there can be no conviction of an attempt to commit a felony if the evidence establishes consummation of the felony. This is the rule in Illinois. *People* v. *Lardner,* 300 Ill. 264 (133 N. E. 375). But the rule is not general, and does not prevail in this jurisdiction. If an information admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense. *People* v. *Miller,* 96 Mich. 119; *People* v. *Blanchard,* 136 Mich. 146. Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; at least he cannot be heard to say that he has suffered injury.

In *People* v. *Hoover,* 243 Mich. 534, defendant was convicted of an assault, and it was urged "that, under the proofs, defendant was either guilty of taking indecent liberties (the charge) or not guilty of any offense." We made answer: "This argument has been made before, but not with success;" citing *People* v. *Martin,* 208 Mich. 109; *People* v. *Garner,* 211 Mich. 44.

Defendant testified that there was no attempt to bribe Oscar B. Frye, and no bribery committed. Oscar B. Frye testified that no bribe was offered him, and no attempt was made to bribe him so far as he knew. Testimony in behalf of the prosecution tended to show a concerted action by defendant and others to bribe Oscar B. Frye and of bribery consummated.

The prosecuting attorney claims that, under an information charging bribery consummated, there may be a conviction of bribery attempted. That question is not presented by this record, and we express no opinion thereon. An information may charge the crime of consummated bribery in one count and attempt to bribe in another, and if some of the evidence at the trial shows bribery consummated, and other evidence shows an attempt to bribe only, an accused may be convicted of either offense as the jury may find.

At the close of proof in behalf of the prosecution, counsel then representing defendant moved the court to dismiss the count for bribery, and, at the close of all the proofs, requested the court to instruct the jury that there was no bribery shown, and to limit consideration to the issue of attempt to bribe. The court refused the motion and the request. It is now claimed that, under the evidence, defendant was guilty, if at all, of bribery. The jury found defendant guilty of an attempt to bribe, and by such verdict disclosed elimination of the charge of bribery and consideration of the case exactly within the limit contended by counsel for defendant at the trial. There is no merit in the point urged.

In cross-examining witnesses called by the defense, the prosecutor had the aid and advantage of a transcript of their testimony given in a proceeding for discovery of the crimes here charged. Counsel for defendant claimed the right to also have the aid thereof in redirect-examination of such witnesses. The court ruled that counsel could not have the transcript until it was proved by the stenographer who took the testimony. The stenographer was the last witness called by the prosecution in rebuttal, and the transcript was then of no use to

counsel for defendant, except in argument to the jury. Of course, the transcript could not be introduced in evidence until proven by the stenographer, but the use thereof, in reading therefrom and incorporating extracts in questions to witnesses, was just as deadly as though then introduced. The ruling of the court, however, finds support in *People* v. *Salsbury,* 134 Mich. 537, 574; *People* v. *Prevost,* 219 Mich. 233; *People* v. *Butler,* 221 Mich. 626, and we cannot hold there was reversible error in following the opinions of this court. Were the question an open one, the writer of this opinion would have more to say on the subject.

It is claimed that the trial judge did not, in defining the crime of attempt to bribe, state as an essential element thereof the failure to consummate bribery. Counsel urge the technical definition of an attempt to bribe, and it must be conceded that it would have been well to have specifically informed the jury that an attempt to bribe means bribery not consummated but, we think, the trial judge covered the point in laying before the jury the count charging the attempt to bribe and in the following instruction:

"If you do not convict him of the main charge but you are satisfied from the evidence in this case and beyond a reasonable doubt that at the time and place alleged, the respondent, Archie W. Baxter, did then and there corruptly attempt to commit the offense of bribing Oscar B. Frye, and did then and there do any act towards the commission of such offense of bribery, but failed to actually commit the crime of bribery, then he is guilty of the attempt to bribe, and if you so find you should convict him of attempt to bribe, and if you fail to so find, then you should acquit him."

It would seem that any juror instinctively knows, without solemn instruction, that an attempt to bribe

carries the meaning that bribery was attempted and not consummated. While bribery is an attempt consummated, and an attempt to bribe is bribery not consummated, any ordinary mind ought to grasp the fact that an attempt only negatives consummation of the attempt.

Errors assigned upon rulings admitting and excluding evidence have been examined and found not to have been such as to control the result or to have occasioned a miscarriage of justice, and only two call for special mention.

The contradiction or impeachment of witness Frye on a collateral matter should not have been permitted, but was not reversible error.

It is claimed that statements made by others charged as having conspired with defendant to commit the crimes alleged were inadmissible, because the information did not charge conspiracy and some of such statements were made after the scheme, if it ever was contemplated, was abandoned. Defendant was not charged with conspiracy to commit the crimes, but with crimes committed in carrying out the common purpose of himself and others acting in concert and as coconspirators. It was not necessary, in the information, to charge the crime of conspiracy to commit the crimes, but was sufficient in charging the crimes of bribery and attempt to bribe to aver that defendant, acting in concert with others named, in the accomplishment of a common purpose, committed the crimes charged. The question of whether statements made by alleged coconspirators, and not in the presence of defendant, were made during the activities toward the end sought, or after abandonment of the purpose, was left to the jury with the following instruction:

"The defendant is not here on trial for conspiracy, but after a *prima facie* showing of such conspiracy

or confederating together for an unlawful purpose has been shown, the acts or statements of any one of the parties thereto is admissible against any of the others, provided such acts or statements are in furtherance of the unlawful purpose and after it was commenced and before it was finished. But to entitle you to consider the acts and statements of any such person other than the defendant, where it was not done or said in his presence or with his knowledge, you must be satisfied with the evidence, beyond a reasonable doubt, that such conspiracy existed and that the defendant was a party thereto and the acts and statements of others not in the presence or with the knowledge of the defendant, to be considered by you as bearing on the guilt of the defendant, must have been done or spoken in furtherance of the purpose of the conspiracy and after it was formed and before it was ended.

"If you fail to find the fact of such conspiracy and the defendant's connection therewith beyond a reasonable doubt, then the acts and declarations of other persons alleged to have been engaged with the defendant in such conspiracy, which were not done or said in his presence or with his knowledge, cannot be used against him to establish his guilt or to bind him."

No reversible error. Affirmed.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.