No. 16,444.

Lewis *v.* The People
(235 P. [2d] 348)

Decided June 25, 1951.   Rehearing denied August 20, 1951.

Mr. Richard H. Shaw, for plaintiff in error.

Mr. John W. Metzger, Attorney General, Mr. Raymond B. Danks, Assistant, Mr. Bert M. Keating, Mr. William E. Doyle, Mr. Gerald M. Quiat, for the people.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We will hereinafter refer to the plaintiff in error as defendant.

An information in six counts was filed in the district court of the City and County of Denver, in which defendant was charged in the first four counts with of-

fenses under the so-called indecent liberties statute. In the fifth and sixth counts defendant was charged with having exhibited and published obscene and lewd photographs and drawings. The last two counts of the information were quashed by the trial court on motion of defendant's attorney upon the ground that they were improperly joined in the information relating to the alleged indecent liberties.

The charges as submitted to the jury were as follows:

First count. " * * * Robert Lewis, who was then and there a male person over the age of fourteen years, did unlawfully and feloniously assault a child, to-wit: * * * who was then and there under the age of sixteen years, and did unlawfully and feloniously take indecent and improper liberties with the person of such child; * * * "

Second count. " * * * Robert Lewis, who was then and there a male person over the age of fourteen years, did unlawfully and feloniously entice, allure and persuade a child, to-wit: * * * who was then and there under the age of sixteen years, into a room, office or other place for the purpose of taking immodest, improper, immoral and indecent liberties with the person of such child; * * * "

Third count. " * * * Robert Lewis, who was then and there a male person over the age of fourteen years, did unlawfully and feloniously take immodest, improper, immoral and indecent liberties with the person of a child, to-wit: * * * who was then and there under the age of sixteen years; * * * "

Fourth count. " * * * Robert Lewis, who was then and there a male person over the age of fourteen years did then and there unlawfully and feloniously attempt to take immodest, improper and immoral and indecent liberties with the person of a child, to-wit: * * * who was then and there under the age of sixteen years; * * * "

The jury returned verdicts on each count of the information. Defendant was found not guilty as charged

in the first, second and third counts, but was found guilty of the charge contained in the fourth count. The trial consumed several days, the record contains 1647 folios and approximately 600 pages of typewritten matter. The district attorney, over the strenuous objection of counsel for defendant, offered in evidence approximately fifty photographs depicting lewd and obscene acts of sexual perversion. Numerous penciled sketches and drawings depicting homosexual acts of a highly depraved and indecent character also were admitted in evidence over the strenuous objection of defendant's attorney. All of these exhibits were found in the residence of defendant, and there was some testimony that they were shown to the prosecuting witness at various times during the evening of October 30, 1948, and the offense of which complaint is made is alleged to have taken place at about midnight on said date. The trial court admitted these photographs in evidence upon the theory that they constituted an inducement and were designed and intended to break down any resistance which the victim of the alleged indecent liberties might otherwise have had to any advances which defendant might have made. We find it unnecessary to determine whether error was committed in the admission of these exhibits.

The evidence relating to the taking of indecent liberties is very short and consists of not more than five folios and only two typewritten pages of the reporter's transcript. It was given by the prosecuting witness, a boy of the age of fourteen years. Since the defendant denied without qualification all of this testimony which tended to establish the charges relating to indecent liberties, and since by the verdict of the jury it found defendant not guilty of the offences charged in the first three counts of the information, it becomes important to examine carefully the testimony, to determine whether the verdicts of not guilty, returned by the jury, of necessity disposed of

the controversy. Accordingly we set forth this testimony in detail:

"Q. I hand you a book which is marked for identification, People's Exhibit P-3. Would you look at that book and identify it, if you are able to do so? (Exhibit handed to witness) A. This is the one he showed me. Q. Would you glance through the pages and state to the court and jury whether those photographs were in it at that time? Do you recall? A. (Looking at exhibit) Yes, sir, all these pictures were in there. Q. I believe you said he sat down and smoked a cigarette? A. Yes sir. Q. Were the lights out? A. Yes sir. Q. What occurred after that? A. That was after he showed me the book, and asked me to come over and sleep with him and I did. Q. Where was he sleeping? A. In the bunk. Q. Where was that with relation to the davenport where you were sleeping? A. Right opposite it. Q. Tell the court and jury exactly what happened after that? A. I had my clothes off, and he started playing with me, while I was asleep, and so I turned over, and he started playing with himself I guess, any way he squirted all over me, and I wiped myself off, and so I lay in bed for awhile, and I turned around and got out and went to the davenport. Q. What did he do with you? He was playing with you? A. Yes, sir. Q. What? A. Playing with my private parts. Q. He put his hands on your privates? A. Yes, sir. Q. You say, he squirted on you. Just tell the court and jury what occurred? (Objection overruled) Q. The court says you may answer that; what happened? A. He squirted that stuff all over me, after he played with himself, and I wiped myself off and fell asleep, and woke up and went over on the davenport. Q. On what part of your body did it go? A. My front part. Q. What time did you wake up the next morning? A. Seven o'clock."

One of the assignments of error upon which defendant relies for reversal is as follows: "That the verdict of the jury is contrary to and is not sustained by the evidence

in that the plaintiff in error was found guilty of the fourth count of the information, though the evidence for the People, if believed, would establish a violation of the third count of the information only." In support of this assignment it is argued that since all the testimony relating to the taking of any "indecent and improper liberties" or to the taking of any "immodest, improper, immoral and indecent liberties" was provided solely by the prosecuting witness, and since this testimony, if believed, would conclusively establish the completely consummated crime charged in either the first or the third count of the information, the not guilty verdicts returned by the jury on these counts necessarily disposed of the charge contained in the fourth count and the verdict of guilty on said fourth count should be set aside.

The question for determination is: *In a prosecution based upon the indecent-liberties statute where all the testimony, tending to support a charge that the accused took indecent, immodest, improper or immoral liberties with the person of a child, is provided by a single witness, and where under such testimony only one conclusion can be drawn, namely, that the offence charged was in fact completely consummated; and where a verdict of not guilty is returned in connection with each count of the information which charges the commission of the completed offence, will a verdict of guilty, returned by the jury upon a count charging an attempt to take immodest, improper, immoral and indecent liberties, be upheld?*

██ ██ The question is answered in the negative. In 14 American Jurisprudence, page 813, we find a treatment of the subject, "Attempts to Commit Crime," from which we quote as follows: "The question as to what constitutes an attempt to commit a particular crime is often intricate and difficult to determine, and no general rule has been or can be laid down which may be applied as a test in all cases. Each case must be determined on its own facts, in the light of certain principles which

appear to be well settled. An attempt to commit a crime is any overt act done with the intent to commit the crime and which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime. An indictable attempt, therefore, consists of two important elements: (1) An intent to commit the crime, and (2) a direct ineffectual act done towards its commission. Mere intention to commit a specified crime does not amount to an attempt; nor does preparation alone constitute an attempt. *It must also be observed that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission. Hence, when a crime is completely consummated, there can be no prosecution for an attempt.*" (Italics supplied) Numerous authorities are cited in support of the text. An examination of these cases, and others not therein cited, leads to the conclusion that the above quoted statement is applicable and controlling in the case at bar.

In *Martinez v. People,* 111 Colo. 52, 137 P. (2d) 690, we recognized that under certain circumstances an acquittal upon a count of an information alleging a substantive offence would preclude a verdict of guilt upon a count charging an attempt to commit such substantive offence. We there said: "There is no question as to the rule of law that if a person is charged with a crime, and if the evidence shows a completed act, an acquittal on the charge will preclude a prosecution for an attempt to commit the act. An attempt, in criminal jurisprudence, generally is accepted as meaning an effort to commit a crime, and a direct, ineffectual act done towards its commission. *State v. Thompson,* 31 Nev. 209, 101 Pac. 557; *State v. Prince,* 75 Utah 205, 284 Pac. 108; *Johnson v. State,* 27 Neb. 687, 43 N.W. 425; *People v. Anderson,* 1 Cal. (2d) 687, 37 P. (2d) 67."

In the case at bar the testimony offered in support of the information could not possibly justify any reasonable

person in concluding that there was any interference whatever in the completion of an act amounting to the taking of an indecent or immodest liberty, or that for any cause the intent so to do was not carried out. The evidence offered in support of the information, if believed, could only lead to the conclusion in the mind of a reasonable person that the indecent, immodest, or immoral liberty had been completely consummated. By the verdict of not guilty upon the first, second and third counts of the information the jury rejected the testimony offered by the people as being insufficient to establish the guilt of defendant upon the only counts of the information which the evidence tended to prove.

It follows, therefore, that the judgment of the trial court should be, and hereby is, reversed, and the cause remanded with directions to discharge the defendant.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE ALTER dissent.