**UNITED STATES, Appellant,**

**v.**

**Lacy M. FLEMING, Appellee.**

**No. 3735.**

District of Columbia Court of Appeals.

Argued Sept. 27, 1965.

Decided Jan. 10, 1966.

Frank Q. Nebeker, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Edwin C. Brown, Jr., Asst. U. S. Atty., were on the brief, for appellant.

Byron N. Scott, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellee was originally brought into court on a charge of sodomy.[1] At the preliminary hearing the sodomy complaint was nol-prossed.[2] Thereupon an information was filed charging that appellant did "attempt to commit the act of Oral Sodomy on the person of Norman J. Landry, an adult male." Appellee pleaded not guilty and demanded trial by jury. Later he moved to dismiss the information "for insufficiency in that it did not allege an overt act." This motion was granted, and with consent of the court an amended information was filed. This last information charged that appellee on a certain date "did then and there attempt to commit the act of oral sodomy on the person of Norman J. Landry, an adult male, to wit: in that he did place the penis of one Norman J. Landry into his mouth."

After pleading not guilty to the second information and demanding trial by jury, appellee moved to dismiss the information on the grounds (1) that it charged the commission of a misdemeanor and a felony in a single count, (2) that the words used in

---

1. D.C.Code 1961, § 22–3502.

2. The trial court has no jurisdiction over felonies but may conduct preliminary hearings in felony cases. D.C.Code 1961, § 11–963(c) (Supp. IV, 1965).

it charged a felony over which the court had no jurisdiction, (3) that if the Government offered evidence of a completed act, the court would have to enter a judgment of acquittal on the charge of attempt, and (4) that attempted sodomy is not in this jurisdiction a lesser and included offense in the offense of sodomy.

After taking the motion under advisement, the court indicated an intention to grant it, either before or after the Government put in its case. Counsel for the Government requested that it be allowed to make a proffer, rather than to produce witnesses, to avoid the attachment of jeopardy. Thereupon, with consent of counsel for appellee, Government counsel represented that if the case went to trial the Government would produce competent witnesses "who would say that the act of oral sodomy was actually committed." The court then granted the motion to dismiss the information and the Government has appealed.

■ Our Code [3] defines the offense of sodomy, but does not include an attempt to commit sodomy. However, we have a general attempt statute which provides: "Whoever shall attempt to commit any crime, which attempt is not otherwise made punishable by this title, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both." D.C.Code 1961, § 22–103.

Under this section one may be convicted of an attempt to commit sodomy.[4]

The information here charged that "appellee did * * * attempt to commit the act of Oral Sodomy on * * * Norman J. Landry * * *." Thus the information charged in express language an attempt to commit sodomy. The addition of the specific details was at the instance of appellee and was a result of his insistence that the first information was defective.[5] The addition of this language did not convert the charge to one of sodomy. The charge was attempted sodomy and the court had jurisdiction of the charge.

■ The real question presented, as we see it, is whether, if the Government's proof at trial establishes a completed act of sodomy, appellee will be entitled to an order of acquittal on the only charge against him, an attempt to commit sodomy.

There are numerous authorities to the effect that failure to consummate the crime is one of the essential elements of an attempt.[6] A logical extension of that rule is that an attempt conviction must be vacated or reversed if it was based upon evidence of a consummated offense.[7] This result, however, presents the anomalous situation of a defendant going free "not because he

---

3. D.C.Code 1961, § 22–3502.

4. United States v. Kelly, 119 F.Supp. 217 (D.D.C.1954).

5. It is questionable whether the motion to dismiss the first information was proper. It would appear that the proper procedure would have been to ask for a bill of particulars. D.C.Code 1961, § 22–3502.

6. E.g., State v. Jones, 227 N.C. 402, 42 S.E.2d 465 (1947); Hammond v. State, 47 Ga.App. 795, 171 S.E. 559 (1933); Nider v. Commonwealth, 140 Ky. 684, 131 S.W. 1024 (1910); 1 Anderson, Wharton's Criminal Law and Procedure §§ 71, 77 (1957); Keedy, Criminal Attempts at Common Law, 102 U.Pa.L.Rev. 464, 469

(1954); Sayre, Criminal Attempts, 41 Harv.L.Rev. 821, 838 (1928).

7. Lewis v. People, 124 Colo. 62, 235 P.2d 348 (1951); Commonwealth v. Eagan, 190 Pa. 10, 42 A. 374, 377 (1899); Graham v. People, 181 Ill. 477, 55 N.E. 179, 47 L.R.A. 731 (1899); People v. Stanton, 106 Cal. 139, 39 P. 525 (1895); See McKenna v. People, 124 Colo. 112, 235 P.2d 351 (1951). This result is sometimes compelled by statute. Cordero v. State, 132 Tex.Cr.R. 93, 103 S.W.2d 157 (1937); People v. Cosad, 253 App. Div. 104, 1 N.Y.S.2d 132 (1937); People v. Lardner, 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721 (1921); State v. Mitchell, 54 Kan. 516, 38 P. 810 (1895).

was innocent, but for the very strange reason, that he was too guilty." [8]

In an investigation of the common law origins of criminal attempts, Professor Rollin M. Perkins has recommended the "complete abandonment of any thought of failure as an element of criminal attempt." He says:

> Under the English common law the procedure for the trial of a misdemeanor was so different from that for the trial of a felony as to preclude the joinder of the two in the same indictment. And the rule developed that if the same act resulted in both a misdemeanor and a felony the former was merged into the latter. Perkins, Criminal Attempt and Related Problems. 2 U.C.L.A. L.Rev. 319, 324 (1955).

Professor Perkins points out that the rule of no conviction for attempt when shown to be successful was due to the general English doctrine of merger and not to any unusual requirement in the law of attempt.[9] A recent English writer reaches the same conclusion:

> Failure is of the essence * * * of an attempt only upon the assumption that successful completion of the crime extinguishes the attempt. It seems clear that the rule is historically and logically one aspect of the wider doctrine of merger of misdemeanor in felony.[10]

The English doctrine of merger of offenses has never been fully accepted in this country, particularly in modern times.[11] In Williams v. State, 205 Md. 470, 109 A.2d 89, 92 (1954), after pointing out that the doctrine of merger is not favored today, the court observed:

> Historically, there was justification for the doctrine of merger, which included the fact that the incidents of a trial for a felony were so different from those of a trial for a misdemeanor that it was unfair to permit the prosecution to interchange them.

The English doctrine of merger has been changed by statute to provide that when the evidence shows a felony the defendant may nevertheless be convicted of the charged misdemeanor, unless the judge in his discretion discharges the jury and directs a felony indictment.[12] The doctrine has also been changed by some American statutes.[13]

■ Our conclusion is that the rule that a defendant charged with an attempt must be acquitted if shown to have committed the full offense has today no reasonable basis and should be rejected. We agree with the following statement from People v. Baxter, 245 Mich. 229, 222 N.W. 149, 150 (1928): "If an information admits

---

8. State of Connecticut v. Shepard, 7 Conn. 54 (1828). One acute commentator warns that such anomalies are a consequence of treating failure as an essential element of attempt for all purposes. E.g., People v. Lardner, 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721 (1921), Arnold, Criminal Attempts—The Rise and Fall of an Abstraction, 40 Yale L.J. 53, 73 n. 66 (1930).

9. Perkins, Criminal Attempt and Related Problems, 2 U.C.L.A. L.Rev. 319, 322 (1955).

10. Comment, Merger-Statutory Modification of the Common Law, 1962 Camb. L.J. 8.

11. See, e.g., Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946), where it was said: "The common law rule that the substantive offense, if a felony, was merged in the conspiracy, has little vitality in this country."

12. 14 & 15 Vict. c. 100, § 12 (1851).

13. Rev.Code of N.D. § 12–0401 (1943), applied in State v. Braathen, 77 N.D. 309, 43 N.W.2d 202 (1950); Ann.Code of Md. art. 27, § 607 (1957), applied in Klein v. State, 151 Md. 484, 491, 135 A. 591, 594 (1926); Tenn.Code Ann. § 40–2520 (1956), applied in Strader v. State, 210 Tenn. 669, 362 S.W.2d 224 (1962).

of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense." [14]

Reversed.

___

14. Accord, People v. Bradovich, 305 Mich. 329, 9 N.W.2d 560 (1943).