PRATHER *v.* STATE OF INDIANA.

[No. 1167S122. Filed April 22, 1969.]

*Don R. Money,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—This matter is before the court on appeal from a conviction of the appellant for the offense of first

degree burglary. The charge was presented by affidavit, and trial was before the court without the intervention of a jury. The appellant was sentenced to the Indiana State Prison for not less than ten (10) years nor more than twenty (20) years and disenfranchised for a period of two (2) years.

The evidence when viewed most favorably to the State of Indiana may be summarized as follows:

Police Officer Kerins testified that on March 15, 1967, at 2:47 P.M., he arrived at a residence located at 1331 West 32nd Street, Indianapolis, Indiana. Officer Kerins drove to this residence because he had information that a 1964 Buick was being used to perpetrate a burglary at this address. The officer drove up to the house in a marked squad car, and saw the appellant, who at the time was parked in a 1964 Buick at the curb right by the house. The appellant attempted to pull away from the curb, but Officer Kerins stopped and arrested him, and placed him in the squad car. At that time, Officer Gorgol arrived at the residence in a second squad car. After receiving no response when he knocked at the front door, Officer Kerins entered the house through a window he found open on the west side of the residence. He made a search of the home and found the drawers of the dresser pulled out, the contents dumped on the floor, and lamps knocked over and broken; he also found George Grier hiding in a bathtub with the shower curtain pulled. Kerins then placed George Grier under arrest. After being advised of his constitutional rights, George Grier stated that he did not have permission to be in that house and that he had placed a screwdriver in the front door, forced it open, and opened the window on the west side of the house which he "was going to leave by had it become necessary to leave in a hurry." George Grier further stated to the policeman that he had taken money that was located in a drawer in the back bedroom of the house.

Officer Gorgol then returned to the squad car, and advised appellant of his constitutional rights. Appellant stated to the

officer that he (appellant) and George Grier had gone to the front door of said house and forced the door open and that while Grier entered the house he (appellant) went back to the car, kept the engine running and planned to use said Buick as a getaway car after they completed the burglary.

Mrs. Dorothy Simmons, who lives at 1331 West 32nd Street, Indianapolis, Indiana, testified that the house is a dwelling-house and place of human habitation and that neither George Grier nor appellant had permission to be in the house on that occasion or any other time.

The appellant's major argument is that the evidence, wholly circumstantial in character, is insufficient to sustain the conviction. It is the rule that each essential element of the crime charged must be established by substantial evidence of probative value. Thus, the issuable facts in a case of first degree burglary are (1) that there was an unlawful breaking and entering, and (2) that said breaking and entering was done with intent to commit a felony *Crawford v. State* (1968), 251 Ind. 437, 241 N. E. 2d 795; *Easton v. State* (1967), 248 Ind. 338, 228 N. E. 2d 6.

The appellant places great emphasis on the fact that the state failed to prove that the appellant "broke into and entered the dwelling house". It is clear from the above recital of the record evidence that George Grier and his accomplice broke into and entered said dwelling with intent to, and did, commit a burglary therein. It is also clear from said evidence and by the appellant's admissions to the police officers that he participated and assisted George Grier in the commission of the offense. In *Bowling v. State* (1967), 248 Ind. 663, 230 N. E. 2d 439, it is stated:

"In denying the Petition for Rehearing in the case of *Workman v. State* (1939), 216 Ind. 68, 21 N. E. 2d 712, 23 N. E. 2d 419, this Court announced a rule to guide us, as follows:

'. . . the rule is clearly laid down that, under an indictment in the usual form, which merely follows the language of the statute, a conviction will be sustained upon evidence that the accused actually committed the crime, *or that he aided or abetted in its commission . . .*' (emphasis supplied)".

We are of the opinion that the above recited record evidence together with reasonable inferences based thereon constitutes substantial evidence of probative value sufficient to justify the court's finding of guilty. *Harris v. State* (1967), 249 Ind. 681, 231 N. E. 2d 800. And we so hold.

We have detailed the above evidence and made the above holding notwithstanding the fact that the State of Indiana asserts that the motion for new trial which alleges that "the verdict is contrary to the evidence" presents no statutory ground for a new trial and therefore the case should not be reviewable by this court. We are of the opinion that the state is correct in such assertion. *Carlin v. State* (1933), 204 Ind. 644, 649, 184 N. E. 543.

For all the foregoing reasons we hold that the finding and judgment of the trial court should be affirmed.

Judgment affirmed.

DeBruler, C. J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 246 N. E. 2d 479.