## No. 24667

**William Clarence Martin v. The People of the State of Colorado**
(499 P.2d 606)

Decided July 31, 1972.

238

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

William Clarence Martin is here on writ of error challenging the correctness of his conviction of attempted theft.

The nature of the transaction, which resulted in the institution of the charge of attempted theft against the defendant, was established by the testimony of the alleged intended victims — Mullaney and McMahill. According to these two witnesses they were under the impression, by virtue of the conduct and statements of the defendant, that he was Willie Davis of the Los Angeles Dodgers. The essence of their testimony was that "Davis" had some "entertainment centers" and television sets at the air freight terminal of TWA Airlines at Stapleton Airport, Denver. These appliances had been shipped to him from Los Angeles. However, in order to get delivery of them required the payment of $1,200 in C.O.D. charges. The complaining witnesses agreed to pay the $1,200 to TWA and in return they were to each receive an "entertainment center" and sufficient merchandise to reimburse them for the C.O.D. money advanced by them.

The transaction was never consummated. Although a Denver Police Department detective, in the course of an investigation, contacted TWA and Acme Fast Freight (a common carrier that was to deliver the C.O.D. merchandise), as well as a California appliance store, there is nothing in the record to indicate whether the C.O.D. appliances actually existed. It therefore would be pure speculation for the jury to conclude that the television sets, consigned to the defendant, were not, in fact, at the TWA terminal.

At the close of the testimony and in his motion for acquittal or, in the alternative, for a new trial, the defendant challenged the sufficiency of the evidence to support the conviction of attempted theft, which the court, in each instance, denied. Because we agree with the defendant's contention, other alleged errors entitling him to a reversal will not be considered.

## I.

According to the record both Mullaney and McMahill

stated unequivocally that the defendant did not suggest that the money be paid to him, but directly to TWA, and that it was the understanding of the parties to the transaction that upon the release of the property by TWA it would be under the control of the complaining witnesses until they had realized the benefits of their bargain.

If the transaction had proceeded to its contemplated conclusion there would not have been a completed crime of theft by fraud and deceit. Consequently, the incompleted transaction here does not rise to the dignity of an attempt to commit such offense. *Lewis v. People,* 124 Colo. 62, 235 P.2d 348.

In *Lewis,* we said:

"An attempt to commit a crime is any overt act done with the intent to commit the crime, and which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime. An indictable attempt, therefore, consists of two important elements: (1) an intent to commit the crime, and (2) a direct ineffectual act done towards its commission."

■ Thus, to be guilty of an attempt the end intended to be accomplished would have to constitute a crime if permitted to proceed to its ultimate end and, too, there must have been a direct, ineffectual act done to achieve this end. *Lewis v. People, supra; Martinez v. People,* 111 Colo. 52, 137 P.2d 690, and cases cited therein. There was a failure of proof in this respect.

## II.

The district attorney, over the objection of the defendant, introduced as an exhibit, transcribed statements alleged to have been made by the defendant in response to questions asked by Detective Brandt. It appears from the interrogation that the defendant admitted masquerading as Willie Davis, and but for the intervention of the police, "he would have taken those guys for $1,200." In another statement attributed to the defendant by Detective Brandt, he explained why he had not obtained the money from Mullaney in these words:

"Because he wanted to go to the airport and pay it off himself rather than give me the money . . . ."

■ It is a well recognized rule that the *corpus delicti* cannot be proven by the defendant's own statements without corroboration. In *Martinez v. People,* 129 Colo. 94, 97, 267 P.2d 654, we said:

"Although a confession alone is not sufficient to establish the fact that a crime has been committed, it may be competent evidence of the fact. Where . . . there is a wealth of corroborative circumstances, the confessions may be considered with such circumstances to establish the *corpus delicti,* of the crime . . . ."

\* \* \*

" 'While a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is, nevertheless, competent evidence of that fact, and may, with slight corroborative circumstances, establish the *corpus delicti* as well as the defendant's guilty participation.' *Sullivan v. State,* 58 Nebr. 796, 79 N.W. 721."

■ The central element of the attempted crime charged was the existence of a scheme or design on the part of the defendant to deprive Mullaney or McMahill of $1,200. Mullaney's and McMahill's testimony completely negated any intent on the part of the defendant to commit the crime charged. Since the *sole* evidence of this essential element came from the lips of the defendant, the requisite independent corroborative evidence of the *corpus delicti* was lacking.

The judgment is reversed and the cause remanded to the trial court with directions to grant the defendant's motion of acquittal.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON concur.