PENNY JO FISHER *v.* STATE OF INDIANA.

[No. 572A218. Filed April 10, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by defendant-appellant, Penny Jo Fisher (Fisher), from a conviction in a court trial of Attempted Escape From Prison.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

On April 28, 1971, Fisher was convicted of the crime of

Prostitution and was sentenced to the Indiana State Women's Prison in Indianapolis for a determinate period of one year.

On the evening of July 24, 1971, while Fisher was still an inmate of the Women's Prison, Annie Smith, an employee of the prison, went to the cottage in which Fisher was housed and found Shirley Burnt, a security officer for that cottage, locked in one of the rooms. A subsequent search disclosed that Fisher was missing.

Approximately twenty to twenty-five minutes later, Grace Kwolek (Kwolek), the Superintendent of the Women's Prison, found Fisher lying in a corn field located between the inner and outer security fences which surround the Women's Prison.

The inside security fence is constructed of chain link and topped with barbed wire. Approximately twenty-five feet to the outside of this inside security fence there is an outside security fence constructed of iron.

By her own admission Fisher climbed the inner security fence and had in her possession keys to the automobile of the cottage security officer.

Kwolek testified that Fisher was not authorized to leave the premises.

Fisher was later charged by Affidavit with the crime of Escape From Prison. Trial resulted in a conviction of the lesser included offense of Attempted Escape.

## ISSUE

The sole error assigned by the Motion to Correct Errors is:

Was the evidence sufficient to sustain Fisher's conviction for Attempted Escape?[1]

Fisher contends that the evidence is insufficient to sustain her conviction for Attempted Escape for the reason that she never left the Prison grounds. Moreover, the fact that she was found lying in the corn field between the two security

---

1. No error is assigned seeking to invalidate the conviction on the ground that Attempted Escape cannot be a lesser included offense of the greater offense of Escape From Prison.

fences indicated that she abandoned any attempt to escape from the Prison.

The State maintains that Fisher is merely seeking to have this court reweigh the evidence. There is ample evidence from the testimony of employees of the Women's Prison, in addition to Fisher's own admissions, to sustain her conviction of Attempted Escape.

## DECISION

CONCLUSION—The evidence was sufficient to sustain Fisher's conviction of Attempted Escape.

The mundane question raised by Fisher is whether the evidence is sufficient to sustain her conviction of Attempted Escape.

It is axiomatic that in order to do so it must be determined if there is substantial evidence of probative value sufficient to establish every material element of the crime in question beyond a reasonable doubt. If so, the trial court's finding will not be disturbed. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N.E.2d 609; *Leitner* v. *State* (1967), 246 Ind. 381, 229 N.E.2d 459; *Prather* v. *State* (1969), 252 Ind. 141, 246 N.E.2d 479; *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N.E.2d 143. Thus it becomes necessary to determine the material elements of the crime of Attempted Escape. In so doing the first point of reference is the statute under which Fisher was convicted, being IC 1971, 35-21-7-1, Ind. Ann. Stat. § 10-1816 (Burns Supp. 1972). It provides:

> "Any person, lawfully confined in any penal institution, prison or jail of the state of Indiana, who *attempts to make an escape* from such institution, prison or jail, *and such attempt meets with failure,* shall be guilty of attempted escape * * *." (Emphasis supplied.) (§ 10-1816 herein.)

Because no Indiana cases in point dealing with the crime of Attempted Escape From Prison or which interpret § 10-

1816 are cited by counsel, or revealed by independent research, the language of the statute should be interpreted by giving words and phrases their plain and usual meaning. IC 1971, 1-1-4-1, Ind. Ann. Stat. § 1-201 (Burns 1967).

An Attempted Escape is a frustrated escape. Unless its plain meaning is to be ignored, § 10-1816 creates a crime having three elements:

1. The intent to escape from lawful confinement in any penal institution, prison or jail.

2. The performance of some overt act or acts which is a step or steps toward the commission of the crime of Escape, and

3. The failure of the escape.

This breakdown accords with the rule applicable to "attempts" in general as recognized by case law and text writers. 22 C.J.S. *Criminal Law* § 75(1), p. 228; *Perkins on Criminal Law*, 2d ed., pp. 552-557; *Tender* v. *State* (1968), 2 Md.App. 692, 237 A.2d 65; *People* v. *Lardner* (1921), 300 Ill. 264, 266, 133 N.E. 375, 376; *Lewis* v. *People* (1951), 124 Colo. 62, 235 P.2d 348.

It is also consistent with the Indiana case of *Barrick* v. *State* (1954), 233 Ind. 333, 119 N.E.2d 550, which approved the following definition of an attempt:

" 'Whenever the acts of a person have gone to the extent of placing it in his power to commit the offense unless interrupted, and nothing but such interruption prevents his present commission of the offense, at least then he is guilty of an attempt to commit the offense, whatever may be the rule as to his conduct before it reached that stage.' "

While the view is sometimes expressed that "failure" to consummate the crime should not necessarily be an essential element of an attempt, the unambiguous language of § 10-1816 requires the inclusion of the element of failure as a necessary part of the specific crime of Attempted Escape. *See Perkins on Criminal Law, supra.*

Having concluded that the express wording of § 10-1816 requires "failure" to be a material element of the crime of Attempted Escape, it is pertinent to consider the evidence to ascertain whether sufficient evidence was presented upon each material element of the crime of Attempted Escape. *Leitner* v. *State, supra; Prather* v. *State, supra; Hanrahan* v. *State, supra.*

Fisher departed without permission from the cottage where she was quartered, climbed the inner security fence, had in her possession automobile keys of the security guard for that cottage who was found locked in one of its rooms, and was taken into custody while she was lying in a corn field between the two security fences within a relatively short period of time after a search was conducted for her. Her escape failed.

Fisher by her conduct and the circumstances surrounding her unauthorized departure from the cottage demonstrated the requisite intent to escape and had progressed to the extent possible to place herself in a position to commit an escape when her progress in that direction was interrupted by an agency over which she had no control, *i.e.,* prison authority.

Lying in the corn field between the two security fences under these circumstances might or might not have indicated an abandonment of any scheme to escape, a fact which the trial court determined adversely to Fisher in weighing the evidence.

Thus there is substantial evidence favorable to the State, circumstantial or direct, which supports each of these three elements.

So far the legal foundation to sustain this conviction appears simple and unassailable; and so it would be were it not for *Crump* v. *State* (1972), 259 Ind. 358, 287 N.E.2d 342.

It could be construed as impiledly holding that failure is not necessarily an element of an Attempted Escape.

It should not be so construed. The court in *Crump* was

concerned with determining whether Attempted Arson is a lesser included offense of First Degree Arson. In reaching the conclusion that Attempted Arson is a lesser included offense the court stated that:

> "It should make no difference whether the criminal conduct is successful or unsuccessful *when determining an included offense.*" (Emphasis supplied.)

Inferentially the court is saying that failure to consummate a crime is of no moment when determining whether an attempted crime is a lesser included offense of a greater crime.

*Crump* is only authority for the proposition that success or failure of the crime is not significant for the purpose of determining whether an attempt is a lesser included offense. It makes no pretense of defining the elements of attempts in general or Attempted Arson in particular.

To read *Crump's* limited holding as eliminating the element of failure of Attempted Escape is to fly in the face of the express words of § 10-1816. To say, as the court there did, "that it would be impossible to commit arson without first having attempted it" (and therefore Attempted Arson is a lesser included offense of Arson) does not expressly or impliedly rule out failure as a material element of Attempted Escape as defined by § 10-1816.

This court is duty bound to give force and effect, if possible, to both § 10-1816 and *Crump*. As each exists conceptually independent of the other, they can be reconciled.

Fisher's conviction is affirmed.

Sullivan, J., concurs in result only.

White, J., concurs with separate opinion.

## CONCURRING OPINION

WHITE, J.—Appellant, Penny Jo Fisher, was tried on an affidavit which charged that

> "Penny Jo Fisher on or about the 24th day of July, A.D. 1971, was a convict confined in the Indiana Women's Prison of said state, then and there situate at 401 North Randolph, duly committed to said prison for the crime of Prostitution,

from the county of Marion, in said state, and did then and there, while so confined in said Indiana Women's Prison, feloniously escape and break away from the prison, . . ."

At her trial before the court sitting without a jury there was no evidence from which the court could have found that she actually escaped. There was, however, substantial evidence of probative value from which the court could have found (and we are required to assume [because of the result he reached] that he did find) that she was (1) a convict lawfully confined in the said prison and that (2) with intent to escape (3) she climbed over the inner fence and was apprehended while still in the prison between the inner and the outer fences. Thus the evidence failed to prove all the elements of the crime of escape (IC 1971, 35-21-6-1) with which she was charged, but did prove all the elements of an attempted escape (IC 1971, 35-21-7-1) and the trial judge properly found her guilty of attempted escape and sentenced her accordingly. I therefore concur in the affirmance of the trial court's judgment, but because we are bound by Supreme Court predecent, I cannot agree that failure to consummate the escape is an essential element of the crime of attempted escape.

In *Crump* v. *State* (1972), 259 Ind. 358, 287 N.E.2d 342, 33 Ind. Dec. 1, defendant was charged with first degree arson and convicted of attempted arson. He made the contention that attempted arson was not a lesser included offense and relied on *People* v. *Lardner* (1921), 300 Ill. 264, 266, 133 N.E. 375, 376, in which the defendant was charged with larceny and convicted of an attempt to commit larceny. The conviction was reversed because, among other reasons:

"A failure to consummate the crime is as much an essential element of an attempt as the intent and the performance of an overt act toward its commission. . . .

"When an indictment charges an offense which includes within it a lesser offense, the defendant, though acquitted of the higher offense, may be convicted of the lesser; but that rule cannot be applied to an attempt defined by the statute, because an essential element of the attempt is a

failure to consummate the crime. . . . If the evidence for the people proved the defendant guilty of the crime of larceny, he could not be convicted of an attempt which failed."

In rejecting defendant's contention in *Crump, supra,* the Indiana Supreme Court said:

". . . If proof of an ineffective act is necessary to establish the 'attempt,' it would follow that attempted arson is not an included offense of first degree arson because the former crime embraces an element not found in the latter. Reasoning such as this was adopted in *People* v. *Lardner* (1921), 300 Ill. 264, 133 N.E. 375, wherein the court reversed a conviction for *attempted* larceny where the indictment charged the defendant with the crime of larceny. However, the opposite result was reached in *People* v. *Baxter* (1928), 245 Mich. 229, 222 N.W. 149, where the court expressly rejected the Illinois rule. We are of the opinion that the rule set forth in *Baxter* is more logical. It should make no difference whether the criminal conduct is successful or unsuccessful when determining an included offense. The conduct is the same in both cases; the actor's intent is the same in both cases.

\* \* \*

"In the case at bar, the indictment charged that the appellant 'unlawfully, feloniously, wilfully and maliciously set fire to and burn(ed) a certain dwelling house . . .' This charge was made pursuant to IC 1971, 35-16-1-1 (Ind. Ann Stat. § 10-301 [1956 Repl.]), which defines first degree arson. The evidence introduced at trial was sufficient to establish every element of the crime of first degree arson. The attempted arson statute embraces the same elements as are found in the first degree arson statute except for the element of actual burning. It follows that it would be impossible to commit arson without first having attempted it, and we conclude, therefore, that attempted arson is a lesser included offense." 287 N.E.2d at 345, 33 Ind. Dec. at 5.

While the language in *Crump* is not as explicit as one would like for the purposes of the case at bar it is clear that it did hold that failure to consummate arson was not an essential element of attempted arson. That holding is implicit in the statement that "[t]he attempted arson statute embraces the same elements as are found in the first degree arson statute

except the element of actual burning." To me that statement says that success is the one element which, when added to attempted arson, makes it first degree arson.

The critical words of the two statutes are these:

". . . but which for any reason does not result in such a setting of fire to or the burning of any such property . . . shall be guilty of attempted arson." (IC 1971, 35-16-1-6.)

". . . and such attempt meets with failure, shall be guilty of attempted escape. . . ." (IC 1971, 35-21-7-1.)

I can see no significant difference in those words. If failure is an element of either crime, it is an element of both. Thus, when *Crump* holds that failure is not an element of the first, it thereby forbids us to say that it is an element of the second.

Were we not bound by *Crump* I would agree that the statute clearly means that *only when* "such attempt meets with failure . . . [can the defendant] be guilty of attempted escape." Were I free to join in that reading of the plain wording of the statute I would then take the logical next step of recognizing the plain error inherent in finding defendant guilty of a crime with which she was not charged.[1]

In *McQuire* v. *State* (1875), 50 Ind. 284, 286, 287, the defendant had been found guilty by jury verdict of assault and battery with intent to commit rape on evidence which

---

1. In *People* v. *Baxter* (1928), 245 Mich. 229, 222 N.W. 149, relied on by the Indiana Supreme Court in *Crump*, the defendant was charged in separate counts with (1) bribery and (2) attempt to bribe and was convicted of the attempt to bribe.

"The prosecution was wise in laying the charge in two counts, for there was evidence tending to show bribery consummated, and also an abortive attempt to bribe.

"Defendant invokes the rule, operative in some jurisdictions by judicial holdings, and in others by statute, that there can be no conviction of an attempt to commit a felony if the evidence establishes consummation of the felony. This is the rule in Illinois. *People* v. *Lardner*, 300 Ill. 264 (133 N.E. 375). But the rule is not general, and does not prevail in this jurisdiction. *If an information admits of conviction of an attempt to commit a felony,* an accused may be found guilty of the attempt, though the evidence shows a completed offense. *People* v. *Miller*, 96 Mich. 119; *People* v. *Blanchard*, 136 Mich. 146. Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just desserts; at least he cannot be heard to say that he has suffered injury." (My italics.) 245 Mich. at 232.

was not questioned as to sufficiency. It was held, however, that the verdict was contrary to law because "the indictment contains a valid charge for an assault and battery, but not a valid charge of the intent to commit the crime of rape". In holding that the trial court erred in overruling the motion for new trial, the Supreme Court said:

> "It is a fundamental principle of our system of criminal jurisprudence that a person charged by indictment with one offense cannot be found guilty of a different one. . . . It would be a mockery to hold that such a verdict is not contrary to the principles of the law which governs the cause."

NOTE.—Reported at 294 N.E.2d 632.