RICHARD ALLEN BOYD *v.* STATE OF INDIANA

[No. 3-477A114. Filed December 21, 1977.]

*Barrie C. Tremper*, Allen County Public Defender, *Thomas L. Ryan*, Deputy, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Charles D. Rodgers*, Deputy Attorney General, for appellee.

GARRARD, J.—Richard Allen Boyd was tried by jury. He was convicted of first degree burglary as charged. His appeal challenges the sufficiency of the evidence to sustain the verdict. We affirm.

Because claims such as Boyd's often present no more than a request that we accept the defendant's version of an offense or discredit testimony unfavorable to his cause, countless appeals challenging the sufficiency of the evidence are disposed of with no more than the merest assertion that an appellate court may neither reweigh the evidence nor redetermine the credibility of the witnesses. *See, e.g., Moore v. State* (1973), 260 Ind. 154, 293 N.E.2d 28. The purpose of the language addressing the issue in these cases is to recognize the function of the finder of fact and accord it the eminence our system of law places with the jury (and with the court in non-jury cases) in

determining disputed facts. *Cf. Hackett v. State* (1977), 266 Ind. 103, 360 N.E.2d 1000.[1]

On the other hand, as our appellate courts have ever been ready to point out when the appropriate case arises, these decisions do not mean that the ultimate fact of guilt when determined by a jury is immune from all review. *See* discussions in *Shutt v. State* (1977), 267 Ind. 110, 367 N.E.2d 1376 (circumstantial evidence); *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658 (direct evidence). We may properly reverse when a review of the evidence forces us to conclude that *no* reasonable jury applying the standard of guilt beyond a reasonable doubt could have found the accused guilty. *Manlove v. State* (1968), 250 Ind. 70, 232 N.E.2d 874.

In an effort to articulate the basis upon which the evidence before the court was found wanting in a given case, our courts have sometimes attempted to state the rule of appellate review as an obverse:

> ". . . [W]here the evidence is wholly circumstantial and fails to exclude every reasonable hypothesis of innocence such evidence is not sufficiently persuasive to allow a reasonable man to find the accused guilty beyond a reasonable doubt. . . ." (*See, e.g., Shutt v. State, supra.*)

Unfortunately, when this statement is taken out of context and is considered to speak the entire rule, it is quite misleading. *Compare, e.g.,* the statements contained in *Shutt v. State, supra;* and *Manlove v. State, supra;* with those in *Hackett v. State, supra;* and *McAfee v. State* (1973), 259 Ind. 687, 291 N.E.2d 554.[2] The reason is that when we look solely to the hypothesis upon which a defendant might be found not guilty, we perforce must look to the

---

1. Note the 7th Amendment's provision that "no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law." *Compare* Indiana Const., Art. 1, Sec. 19, "In all criminal cases whatever, the jury shall have the right to determine . . . the facts."

2. Justice Hunter writing for the majority in *Manlove* attempted to restrict interpretation of the statement and avoid this confusion by additionally pointing out that ". . . [W]here [from the appellate perspective] there are two *reasonable inferences* . . . one of *guilt* and *another of innocence*, it is not the duty of this court to reverse. . . ." 232 N.E.2d at 878; and that the ultimate concern is whether *no* reasonable man could be persuaded. 232 N.E.2d at 879.

inferences which might be drawn that *oppose* guilt. The marked tendency when we do so is to negate the proper *authority of the jury to determine facts* by drawing reasonable inferences from other facts already established. There is a vast area in the field of fact finding where certainty cannot be had but an answer must be reached. We recognize that within this area arise instances where the facts admit to opposing inferences, and it cannot be said by a reviewing authority that either inference is clearly unreasonable. When this occurs our system of law defers to the ability of a jury to best arrive at a conclusion. We should therefore reverse such a determination only when we are forced to conclude that logic and human experience would lead *every* reasonable mind to reject the conclusion of guilt as having not been sufficiently established by the evidence.

We cannot say that about Boyd's conviction even though the evidence of his participation in the burglary was wholly circumstantial. The evidence produced at trial disclosed the following circumstances. On May 3, 1976 Boyd visited the apartment of Arnold and Denise Hakey and commented upon how nice their stereo equipment was. The next morning Boyd saw Mrs. Hakey at a laundromat and learned from her that Mr. Hakey was not at home. Shortly thereafter Boyd stated he was going to his grandmother's house to help her move, and he left. A half hour later Boyd's girlfriend, who was also at the laundromat with Boyd's sister, went to Boyd's grandmother's. However, the girlfriend could not locate Boyd. Around noon Boyd returned to pick up his sister and his girlfriend. When Mrs. Hakey then left the laundromat and returned home she found that the apartment had been broken into and the stereo equipment and record albums had been taken. She and her husband were unable to locate Boyd during the remainder of the day. The following day, May 5th, Hakeys received information that their stereo was in a house about three blocks from their apartment. They went to the house and observed the stereo equipment on the back porch. The tenant of this house advised them that Boyd would be returning shortly. They waited. In about fifteen minutes Boyd drove up and came toward the house carrying the speaker stands and wiring for

Hakeys' stereo. Boyd saw Mr. Hakey, dropped the speaker stands and attempted to flee. At this point police arrived and Boyd was apprehended. Boyd later stated that he "didn't rip him off, he just set it up."

From this evidence the jury could reasonably have inferred that Boyd, at least, aided or abetted in the commission of the burglary and therefore was guilty as a principal. *Prather v. State* (1969), 252 Ind. 141, 246 N.E.2d 479.

The conviction is affirmed.

Hoffman, J. concurs; Lowdermilk, J., sitting by designation, concurs.

NOTE—Reported at 370 N.E.2d 939.