# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### BELLANDE et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 27, 1928.

Rehearing Denied April 19, 1928.

No. 5094.

1. Conspiracy ☞43(12)—Under indictment for conspiracy to rob mail carrier, proof of overt act is necessary (Cr. Code, §§ 37, 197 [18 USCA §§ 88, 320]).

Under indictment charging a conspiracy, under Criminal Code, § 37 (18 USCA § 88), to rob a carrier of United States mail, in violation of section 197 (18 USCA § 320), it was necessary to prove an overt act to effect object of conspiracy.

2. Conspiracy ☞43(5)—Indictment for conspiracy need go no further than to allege conspiracy to commit offense and overt act to effect its object.

An indictment for conspiracy need not go further than to allege a conspiracy to commit an offense and an overt act to effect its object.

3. Conspiracy ☞27—Conspiracy is not ended so long as there is intention to continue it, as respects required overt act.

As respects requirement of overt act to sustain conviction for conspiracy, a conspiracy is not at an end so long as the evidence shows an intention to continue it.

4. Conspiracy ☞23—Object of conspiracy to rob mail carrier was not accomplished until robbers and confederates had removed mail from place of concealment and converted it (Cr. Code, §§ 37, 197 [18 USCA §§ 88, 320]).

Object of conspiracy under Criminal Code, § 37 (18 USCA § 88), to rob carrier of United States mail, in violation of section 197 (18 USCA § 320), was not accomplished by mere taking of mail out of carrier's possession, but continued until the robbers and their confederates could have an opportunity to convert it to their own use, by removing it from place where it had been concealed, when automobile, in which actual robbers were escaping, broke down.

25 F. (2d)—1

5. Conspiracy ☞37—Conspiracy to rob mail carrier, being felony, held not merged in overt act (Cr. Code, §§ 37, 197, 334, 335 [18 USCA §§ 88, 320, 541, 552]).

Conspiracy under Criminal Code, § 37 (18 USCA § 88), to rob carrier of United States mail, in violation of section 197 (18 USCA § 320), being an offense punishable by imprisonment for two years, and therefore a felony under section 335 (18 USCA § 541), and the overt act in carrying it out being also a felony, there was no merging of misdemeanor with felony, under section 334 (18 USCA § 552).

6. Criminal law ☞742(1)—Conflict between witnesses, identifying defendants as persons committing overt act in conspiracy to rob mail, and alibi witnesses, presented jury question (Cr. Code, §§ 37, 197 [18 USCA §§ 88, 320]).

In prosecution, under Criminal Code, § 37 (18 USCA § 88), for conspiracy to rob carrier of United States mail, in violation of section 197 (18 USCA § 320), it was for jury to pass on conflict between witnesses who identified defendants as the guilty parties and the witnesses who supported their claim of alibi.

7. Conspiracy ☞47—Evidence held sufficient to sustain conviction for conspiracy to rob mail carrier (Cr. Code, §§ 37, 197 [18 USCA §§ 88, 320]).

Evidence held sufficient to sustain conviction for conspiracy to rob carrier of United States mail, in violation of Criminal Code, §§ 37, 197 (18 USCA §§ 88, 320).

In Error to the District Court of the United States for the Eastern District of Louisiana; William I. Grubb, Judge.

Albert Bellande and others were convicted of conspiring to rob a carrier of United States mail, and they bring error. Affirmed.

Chandler C. Luzenberg, of New Orleans, La., for plaintiffs in error.

W. G. Borah, U. S. Atty., and E. E. Talbot, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The defendants, Cook, Glynn, Bellande, and Normandale, were convicted upon an indictment which charged them with conspiracy to rob a carrier of United States mail, in violation of section 197 of the Criminal Code (18 USCA § 320).

Actual robbery was shown by the undisputed evidence. The trial court submitted to the jury two overt acts, which the indictment alleged were committed to effect the object of the conspiracy: The first that, two or three days before the robbery, Bellande and Normandale had a Cadillac automobile repaired for the purpose of using it in committing the robbery; and the second that, on the day of the robbery, but after it was committed, the same two defendants removed the mail bags and their contents from a negro church in New Orleans, where they had been placed by the other defendants, Cook and Glynn. Uncontradicted evidence was to the effect that the substantive offense was committed at St. Rose, La., by two men in a Cadillac car, who immediately thereafter drove the car to New Orleans, a distance of 15 to 18 miles; that the car broke down, and was abandoned in New Orleans near a negro church; that the mail sacks were removed from the church by two men who were using a Ford car. Less than two hours elapsed from the time of the robbery to the time of the removal of the mail from the church.

The evidence was in conflict as to the identity of the parties who committed the robbery and brought the mail to New Orleans and of the parties who removed it from the church. Witnesses for the government identified Cook and Glynn as the actual participants in the robbery and the occupants of the Cadillac car. They also identified Bellande and Normandale as the parties in the Ford car who removed the mail from the church.

Bellande testified that he and Normandale had the Cadillac repaired as alleged, but stated that their purpose was to use it on an innocent mission. He also admitted that, as soon after the robbery as he learned that the car was broken down, he directed the man who had previously repaired it to remove it from the street. Before the repairman could comply with this direction the car was seized by the police. As against the case made by the government, each of the defendants introduced testimony tending to prove an alibi. The assignments of error complain of the refusal of the court to direct a verdict for each of the defendants.

[1-5] The indictment is under section 37 of the Criminal Code (18 USCA § 88), and it was therefore necessary to prove an overt act to effect the object of the conspiracy. It is argued that the jury may not have based their verdict on the first overt act, upon the theory that it was done innocently, and not for the guilty purpose alleged. Assuming that the jury so found, the position is taken that a verdict of guilty could not have been based upon a finding in favor of the government on the second overt act, because it could not have been committed during the existence of the conspiracy, but is affirmatively alleged to have been committed after the conspiracy was at an end. The argument is made, also, that the conspiracy charged is a misdemeanor, and was merged in the second overt act, which is made a felony by section 334 of the Criminal Code (18 USCA § 552).

We are of opinion that proof of the conspiracy and of the second overt act was sufficient. An indictment need not go further than to allege a conspiracy to commit an offense and an overt act to effect its object. But the conspiracy is not at an end as long as the evidence shows an intention to continue it. Such intention was shown in this case by the successful efforts of the robbers to keep the mail sacks in their possession. The object of the conspiracy was not accomplished by the mere taking of the mail out of the possession of the carrier, but continued until the robbers and their confederates could have an opportunity to convert it to their own use. There was no merging of a misdemeanor with a felony, for the conspiracy charged was punishable by imprisonment for two years. An offense which is punishable by imprisonment exceeding one year is a felony. Criminal Code, § 335 (18 USCA § 541).

[6, 7] It was for the jury to pass upon the conflict between the witnesses who identified defendants as the guilty parties and the witnesses who supported their claim of alibi. The evidence for the government was strong and substantial enough to sustain the verdict.

The judgment as to each defendant is affirmed.