**MANCUSO v. UNITED STATES.**

No. 10421.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1947.

Don Calhoun, of Cincinnati, Ohio (Donald E. Calhoun, of Cincinnati, Ohio, on the brief), for appellant.

K. W. Smith, of Detroit, Mich. (John C. Lehr, Kenneth W. Smith, and Vincent Fordell, all of Detroit, Mich., on the brief), for appellee.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

---

[7] United States v. Bayer, 330 U.S. —, 67 S.Ct. 1394.

PER CURIAM.

After conviction by jury verdict, the appellant, Salvatore Joseph Mancuso, was sentenced to fine and imprisonment within the limits of the federal statute, which the indictment charged he violated by feloniously assisting a member of the United States Navy in continuing to desert and avoid apprehension by military authorities. See Title 18, Section 94, U.S.C.A.[1]

More than nine months after he was sentenced, appellant filed in the district court a motion to vacate the judgment and sentence. He has appealed from an order of the district court denying his motion.

His argument is that the district court lacked jurisdiction and authority to find him guilty of harboring or assisting a deserter from the Navy, for the reason that the person whom he harbored, August J. DeRocco, second class seaman, U.S. N.R., had not been prosecuted for desertion, but had been tried by summary court martial and permitted by the Navy to plead guilty to overstaying his leave. He had been sentenced to solitary confinement for a period of twenty days and to loss of pay in the amount of $160. The record shows, nevertheless, that the sailor's overleave absence totalled 178 days, at a time when our country was in a state of war; and that he would have been tried by general court martial on a charge of desertion, except for the fact that his service record entries were incomplete and, therefore, would not have supported the conviction for desertion on a plea of not guilty.

■ A contention similar to that of appellant here was rejected by this court in Beauchamp v. United States, 6 Cir., 154 F.2d 413. Here, as there, the convicted appellant was not in military service, nor was he being tried for desertion or violation of any of the Articles of War. The status of each appellant classifies as that of a civilian tried and convicted for a specific offense defined by Act of Congress. It was, of course, necessary in this case that the Government should prove the essential fact that DeRocco was a deserter from the Naval service of the United States. The jury verdict, upheld by the district court, evidences that the Government established this fact. The single circumstance that DeRocco took French leave for 178 days would, of itself, seem sufficient evidence that he was a deserter; and, this being known to appellant, it is clear that civilian Mancuso violated the statute in harboring sailor DeRocco.

■ The sufficiency of the evidence upon which conviction rested, however, is not reviewable in the circumstances of this case on motion to vacate the sentence. Appellant made no motion for a new trial and waited nearly ten months before even filing a motion to vacate the judgment. As is well known, a motion to vacate a judgment may not be used as a substitute for a writ of error. See Ong v. United States, 4 Cir., 131 F.2d 175. In Lovvorn v. United States, 5 Cir., 139 F.2d 346, a motion to vacate judgment of conviction was held to have been properly denied, where the accused failed to question the sufficiency of evidence at the trial, made no motion for a new trial, had no stenographic record of the evidence made, and took no bill of exceptions. The position of appellant in the instant case is no stronger.

The judgment of the district court is affirmed.

[1] "(Criminal Code, section 42), Enticing desertion from Army or Navy. Whoever shall entice or procure, or attempt or endeavor to entice or procure, any soldier in the military service, or any seaman or other person in the naval service of the United States, or who has been recruited for such service, to desert therefrom, or shall aid any such soldier, seaman, or other person in deserting or in attempting to desert from such service; or whoever shall harbor, conceal, protect, or assist any such soldier, seaman, or other person who may have deserted from such service, knowing him to have deserted therefrom, or shall refuse to give up and deliver such soldier, seaman, or other person on the demand of any officer authorized to receive him, shall be imprisoned not more than three years and fined not more than $2,000. (R.S. §§ 1553, 5455; Feb. 27, 1877, c. 69, § 1, 19 Stat. 253; Mar. 4, 1909, c. 321, § 42, 35 Stat. 1097.)"