**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Edward Edwin BISHOP, true name Vern Speer, Defendant-Appellant.**

**No. 72–1359.**

United States Court of Appeals, Ninth Circuit.

June 5, 1972.

Rehearing Denied June 26, 1972.

Kevin J. McInerney, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Thomas M. Coffin, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, WRIGHT and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Vern Speer, sometimes known as Edward Edwin Bishop, was indicted in a four count indictment for (1) conspiring to import and (2) importing 2100 pounds of marihuana into the United States, in violation of 21 U.S.C. § 963 and § 952; and with (3) conspiring to possess and (4) possessing 2100 pounds of marihuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a) (1).

Pursuant to a plea-bargain, Speer entered pleas of guilty to counts (1) and (4) and the others were dismissed. The judge sentenced Speer to a term of five years imprisonment and imposed a fine of $1,000, as punishment for conspiring to import, and two years for the crime of possession; the prison terms to be consecutive.

 On this appeal Speer acknowledges, as he must, that generally a criminal conspiracy does not merge with the substantive offense committed pursuant to that conspiracy [Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed. 2d 312 (1961)]; but that the two crimes remain separate and each is punishable. His contention, similar to the one urged upon the Court but rejected in *Callanan*, is in essence that Congress, in enacting these particular statutes, did not intend the non-merger rule to operate.[1] His argument, however, rests on the major premise that the conspiracy had the "same aim and scope as the eventual substantive offense." But he either overlooks, or chooses to ignore, the fact that the conspiracy for which he was convicted relates to an entirely different substantive crime than the one for which he was convicted. None of the acts material to the one is essential to the other.

Affirmed.

---

[1] We note that in *Callanan*, the Court's declaration that "To dislodge such conventional consequences in the outlawing of two disparate offenses, conspiracy and substantive conduct, and effectuate a reversal of the settled interpretation we pronounced in *American Tobacco* (i. e. non-merger) would require specific language to the contrary." (p. 595 of 364 U.S., p. 326 of 81 S.Ct.) Neither 21 U.S.C. § 952 (importation of marihuana) nor 21 U.S.C. § 841(a) (1), (possession of marihuana) contain "specific language to the contrary."