STATE OF NEBRASKA, APPELLEE, V. FRED GALLEGOS, APPELLANT.

228 N. W. 2d 615

Filed May 1, 1975. No. 39782.

Raymond & Olsen and John K. Sorensen, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., HAMILTON, District Judge, and KUNS, Retired District Judge.

HAMILTON, District Judge.

Defendant appeals his conviction of attempted burglary. Defendant alleges four assignments of error, all of which are based upon the defendant's contention that failure to consummate the substantive offense of burglary is an essential element of the offense of attempted burglary.

At the trial the evidence disclosed that law enforcement personnel in Chadron, Nebraska, enlisted the help of motel operators in an attempt to catch a burglar. The operator of the Westerner Motel in Chadron set up

a room so that it appeared someone was in bed, put a wallet and keys on the nightstand, and left the door closed but unlocked.

During the night a police intern conducted a surveillance from a parking area with the use of binoculars. At approximately 1:25 a.m., the defendant drove into the parking lot and was observed testing door knobs until he tested and entered the room in question.

When the defendant entered the motel room, the intern used a walkie-talkie radio to call police who were cruising in the area. They arrived just as the defendant emerged from the motel room and after a block and a half chase the defendant was apprehended with a billfold, which had been planted in the motel room by the manager, in his pocket.

Defendant contends that the evidence presented by the State clearly proves that a burglary was committed. That since a failure to consummate the substantive charge of burglary is an essential element of attempted burglary, the court should have directed a verdict for defendant, or the jury should have been instructed of the essential element and the failure to so instruct requires a reversal of defendant's conviction.

The attempted burglary statute provides in part: "Whoever attempts any act prohibited by section 28-532, shall be guilty of attempted burglary * * *. For the purpose of this section any act done with specific intent to commit the offense defined by section 28-532, amounting to more than mere preparation, intending, *even though failing,* to effect its commission is attempted burglary." (Emphasis added.)

In Nebraska there is no general attempt statute and in this state all crimes are statutory; no act is criminal unless the Legislature has in express terms declared it to be so. State v. Hauck, 190 Neb. 534, 209 N. W. 2d 580.

Obviously the Legislature found it desirable and necessary to punish persons who attempted criminal acts as well as those who completed criminal acts. The mere

fact that a criminal was apprehended before completion or prevented from completing the criminal act intended does not make the person any less culpable in the eyes of the law.

The attempted burglary statute, section 28-532.01, R. R. S. 1943, sets out in express terms the crime charged: "Whoever attempts any act prohibited by section 28-532, shall be guilty of attempted burglary * * *." The Legislature by way of clarification provided: "For the purpose of this section any act done with specific intent to commit the offense defined by section 28-532, amounting to more than mere preparation, intending, even though failing, to effect its commission is attempted burglary."

The words "even though failing" are words of inclusion, not exclusion, and reflect a clear legislative intent not to exclude successful burglaries, but to include unsuccessful burglaries. If the Legislature had intended to require a failure to consummate the substantive crime of burglary as an element of the crime, it could have easily substituted the word "but" for the words "even though."

Where the language of a statute is plain and unambiguous, no interpretation is needed and the court is without authority to change the language. Rudder v. American Standard Ins. Co. of Wisconsin, 187 Neb. 778, 194 N. W. 2d 175.

The defendant's contention that failure to consummate the substantive crime is an essential element of attempted burglary evolved from the common law doctrine of merger, where the attempt was merged into the completed crime. In Nebraska there are no common law crimes and we only resort to common law definitions where general terms are used to designate crimes. State v. Hauck, *supra*; State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454.

The trial court, in its burden of proof instruction and in defining attempt, instructed the jury in the language of the statute which is all that is required in a criminal

action. State v. Sukovaty, 178 Neb. 779, 135 N. W. 2d 467; 42 C. J. S., Indictments and Informations, § 150, p. 1079.

It was not error to refuse defendant's requested instruction on the elements of the crime since the instruction included a proposition of law that did not conform to the statute. It is not the law of Nebraska that failure to consummate the crime of burglary is an essential element of attempted burglary. The court properly refused to so instruct in its burden of proof instruction.

Where the statutory definition of the crime is the attempt to do a certain act or acts, it is immaterial whether or not the objective of the attempt is successful and the actual commission of a crime represents the execution of an attempt to commit it. People v. Jelke, 1 N. Y. 2d 321, 152 N. Y. S. 2d 479, 135 N. E. 2d 213; People v. Horn, 25 Cal. App. 583, 144 P. 641; People v. Baxter, 245 Mich. 229, 222 N. W. 149; 22 C. J. S., Criminal Law, § 75, p. 228.

The defendant cannot complain that the proof was greater than necessary to prove the essential elements of the crime charged. In every case where an attempt is charged, proof of the actual commission of the offense establishes the attempt.

The judgment of conviction is affirmed.

AFFIRMED.