UNITED STATES of America, Plaintiff-Appellee,

v.

James Thomas YORK and Stephen Joseph York, Defendants-Appellants.

No. 77–5633.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1978.

Theodore J. Sakowitz, Federal Public Defender, Robyn J. Hermann, Asst. Federal Public Defender, Miami, Fla., for James York.

Michael J. Doddo, Miami, Fla. (Court-Appointed), for Stephen York.

Jack V. Eskenazi, U. S. Atty., Richard A. Woolf, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GEE and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

During a visit to his brother, James, an inmate at the Federal Correctional Institution at Miami, Florida, Stephen York unknowingly dropped from his pants leg, while the two were on the visitor's patio, an orange balloon, which was retrieved by Correctional Officer Cason and found to contain marihuana. The brothers were separated by prison authorities. Stephen was searched, and nothing was found on him. James was taken to a segregation room, stripped and searched by a security officer. Nothing was found. A half hour later a captain on the institution force conducted another strip search of James and found part of a green balloon protruding from the inmate's rectum. This was removed and found to contain marihuana.[1] Each of the

---

1. The evidence is construed most favorable to the government. *Glasser v. United States,* 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

brothers was indicted of an attempt to introduce contraband into a federal correctional institution,[2] and convicted.[3] Each now urges deficiencies in the evidence and the illegality of the second body search of James; moreover, each contends that the government proved a completed crime and, therefore, could not convict them for an attempt because failure is an essential element of a criminal attempt. Finding their attacks on their convictions to be without merit, we affirm as to each.

## I.

■ To attempt a federal offense is not, of itself, a federal crime. Although there are general statutes proscribing aiding and abetting a crime, 18 U.S.C. § 2, and conspiracy, 18 U.S.C. § 371, attempts are separately dealt with in various criminal statutes dealing with the offense committed.[4] When Congress has deemed an attempt to be criminal, it has specifically so declared, as in the present statute, which states: "Whoever, contrary to any rule or regulation promulgated by the Attorney General, introduces *or attempts to introduce* into or upon the grounds of any Federal penal or correctional institution or takes or attempts to take or send therefrom any thing whatsoever, shall be imprisoned not more than ten years." (Emphasis supplied.) 18 U.S.C. § 1791.

**2.** In violation of 18 U.S.C. § 1791.

**3.** Stephen was sentenced to probation for two years under the Federal Youth Corrections Act, 18 U.S.C. § 5010(a), with the probation running while the case is on this appeal. James was sentenced to six months imprisonment to run consecutively to the sentence already being served.

**4.** *See,* for example, 18 U.S.C. § 472 (attempting to pass counterfeit money); 18 U.S.C. § 1113 (attempting to commit murder); 18 U.S.C. § 1544 (attempting to use the passport of another), and 18 U.S.C. § 2387(a)(2) (attempting to distribute material advising insubordination by any member of the armed forces).

**5.** *Kilpatrick v. State,* 1973, 8 Div. 233, 51 Ala. App. 352, 285 So.2d 516 (dictum); *Lewis v. People,* 1951, 124 Colo. 62, 235 P.2d 348; *People v. Lardner,* 1921, 300 Ill. 264, 133 N.E. 375.

The crime of attempt is often defined as if failure were an essential element. *See,* for example, the cases quoted in *United States. v. Mandujano,* 5 Cir. 1974, 499 F.2d 370, 374, *cert. denied,* 1975, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812. Most of these cases concern the distinction between preparation for a crime, which is not criminal, and an attempt, which has ripened into an offense. A few state cases, however, do hold that proof of a completed crime eliminates the possibility of conviction of an attempt,[5] and, in some states, this is the rule by statute.[6] There can be no doubt that the evidence establishes more than a mere attempt to introduce something prohibited by the Attorney General into a correctional institution; the marihuana was in fact brought into the visitor's room. If, therefore, upon successful completion of a crime, the attempt to commit it vanishes, the basis for the defendants' indictment has disappeared.

■ At common law, an attempt was a misdemeanor. The assumption that none but a failure may be condemned for his attempt may be derived from the old common law rule of merger under which, if an act resulted in both a misdemeanor and a felony, the misdemeanor was said to be absorbed into the felony. *State v. Gallegos,* 1975, 193 Neb. 651, 228 N.W.2d 615; *United States v. Fleming,* D.C.App.1966, 215 A.2d 839; LaFave and Scott, Criminal Law 452

The rule in Illinois has subsequently been changed by statute and now conviction for attempt is permitted although the evidence proves the completed offense. *People v. Wallace,* 1974, 57 Ill.2d 285, 312 N.E.2d 263.

**6.** Kan.Stat.Ann. §§ 21–101 and 21–102; Miss. Code Ann. §§ 97–1–7 and 97–1–9; Mo.R.Stat. §§ 556.150 and 556.160 (repealed effective Jan. 1, 1979); and N.M.Stat.Ann. § 40A–28–1.

Ind.Stat.Ann. § 35–21–7–1 [formerly § 10–1816] (repealed 1977) required the same result until replaced by Ind.Stat.Ann. § 35–41–5–1. *See Fisher v. State,* 1973, 156 Ind.App. 18, 294 N.E.2d 632. Missouri, which presently bars conviction for an attempt when the attempt is successful, *see State v. Harris,* Mo.App.1976, 539 S.W.2d 617 note 2, will, likewise, have that result changed when Mo.R.Stat. § 564.011 becomes effective Jan. 1, 1979.

(1st ed. 1972). The rationale behind this obliteration is undermined if both the attempt and the successful crime are misdemeanors, as it is if both are felonies. *See Bellande v. United States*, 5 Cir., 1928, 25 F.2d 1, and *Steigman v. United States*, 3 Cir. 1915, 220 F. 63, both rejecting the merger rule as applied to conspiracies. The English merger rule was erased by statute in 1851, 14 § 15 Vict. c. 100, § 12 (1851), and there is no reason to apply it in this country a century and a quarter later. *Iannelli v. United States*, 1975, 420 U.S. 770, 777 n. 11, 95 S.Ct. 1284, 1290 n. 11, 43 L.Ed.2d 616 (concerning whether a conspiracy merges into the completed offense). *See also* La-Fave and Scott, *supra*. A fortiori, there is no reason to incorporate doctrines derived from the common law of crimes into federal offenses, which are wholly statutory. *Dickey v. United States*, 5 Cir. 1968, 404 F.2d 882.

To compel acquittal of an attempt because the completed offense was proved would result in the "anomalous situation of a defendant going free 'not because he was innocent, but for the very strange reason, that he was too guilty.'" (Footnote omitted.) *United States v. Fleming, supra*, 215 A.2d at 840–841. Moreover, requiring the government to prove failure as an element of attempt would lead to the anomalous result that, if there were a reasonable doubt concerning whether or not a crime had been completed, a jury could find the defendant guilty neither of a completed offense nor of an attempt. Therefore, every court, not otherwise bound by statute, that has considered the matter in recent years has refused to require that a defendant be acquitted of an attempt because he was guilty of completing what he had set out to do. *United States v. Malasanos*, 7 Cir. 1973, 472 F.2d 642 [conviction for attempted bank robbery although the attempt was successful]; *Giles v. United States*, 9 Cir. 1946, 157 F.2d 588, *cert. denied*, 1947, 331 U.S. 813, 67 S.Ct. 1197, 91 L.Ed. 1832 [conviction for an attempt to escape although the defendant had escaped]; *Guzik v. United States*, 7 Cir. 1931, 54 F.2d 618, *cert. denied*, 1931, 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937 [conviction for an attempt to evade income taxes although the attempt was successful]; *O'Brien v. United States*, 7 Cir. 1931, 51 F.2d 193, *cert. denied*, 1931, 284 U.S. 673, 52 S.Ct. 129, 76 L.Ed. 569 [conviction for an attempt to evade taxes although the evasion was completed]; *Lightfoot v. State*, 1976, 278 Md. 231, 360 A.2d 426 [conviction for attempted armed robbery although the robbery was completed]; *State v. Gallegos*, 1975, 193 Neb. 651, 228 N.W.2d 615 [conviction for attempt to burgle although burglary was completed]; *People v. Johnson*, 1971, 21 Cal.App.3d 235, 98 Cal.Rptr. 393 [conviction for attempt to obliterate the manufacturing number on a revolver although obliteration was proved]; *State v. Fox*, Iowa 1968, 159 N.W.2d 492 [conviction for an attempt to break and enter which succeeded]; *Greenwood v. United States*, D.C.App.1967, 225 A.2d 878 [conviction for attempted unauthorized use of motor vehicle, although the offense had been completed]; *State v. Sercovich*, 1964, 246 La. 503, 165 So.2d 301; *Dotye v. Commonwealth*, Ky.App.1956, 289 S.W.2d 206 [conviction for attempted abortion although there was an actual miscarriage]; *People v. Jelke*, 1956, 1 N.Y.2d 321, 152 N.Y.S.2d 479, 135 N.E.2d 213 [conviction for attempting to induce a woman to be a prostitute although the attempt was successful]; *People v. Baxter*, 1928, 245 Mich. 229, 222 N.W. 149 [conviction for attempted bribery over defendant's objection that bribery was proved]; *cf. Echols v. State*, 1975, 134 Ga. App. 216, 213 S.E.2d 907 [conviction for assault with intent to commit murder although battery was proved]; *State v. Mathis*, 1966, 47 N.J. 455, 221 A.2d. 529, *rev'd on other grounds*, 1971, 403 U.S. 946, 91 S.Ct. 2277, 29 L.Ed.2d 855 [conviction for killing during a robbery attempt although the evidence established the completed robbery].

This, indeed, is the doctrine we have adopted in conspiracy cases: the conspiracy is not merged into the substantive crime even though successful completion of the crime that was the objective of the agreement is proved; the defendants may be separately charged and convicted for each

**1040**

offense. *Iannelli v. United States*, 1975, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616; *Pinkerton v. United States*, 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; *United States v. Cantu*, 5 Cir. 1977, 557 F.2d 1173; *United States v. Nims*, 5 Cir. 1975, 524 F.2d 123, *cert. denied*, 1976, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385; *United States v. Vasquez*, 5 Cir. 1974, 504 F.2d 555; *United States v. Jacobs*, 5 Cir. 1971, 451 F.2d 530, *cert. denied*, 1972, 405 U.S. 955, 92 S.Ct. 1170, 31 L.Ed.2d 231; *United States v. Cheers*, 5 Cir. 1971, 439 F.2d 1097; *United States v. Mayes*, 6 Cir. 1975, 512 F.2d 637, *cert. denied*, 1975, 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670; *United States v. Lozano*, 7 Cir. 1975, 511 F.2d 1, *cert. denied*, 1975, 423 U.S. 850, 96 S.Ct. 94, 16 L.Ed.2d 74; *United States v. Bobo*, 4 Cir. 1973, 477 F.2d 974, *cert. denied*, 1975, 421 U.S. 909, 95 S.Ct. 1557, 43 L.Ed.2d 774; *United States v. Bishop*, 9 Cir. 1972, 462 F.2d 127, *cert. denied*, 1972, 409 U.S. 951, 93 S.Ct. 296, 341 L.Ed.2d 222.

■ Consequently, proof that a crime had been completed does not absolve the defendants of the attempt. Unlike conspiracy, however, the prosecution may not obtain convictions for both the completed offense and the attempt as separate crimes if the attempt has in fact been completed. The attempt is an offense included in the completed crime, and, therefore, cannot support a separate conviction and sentence. *Jeffers v. United States*, 1977, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168; *Brown v. Ohio*, 1977, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Harris v. Oklahoma*, 1977, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054.

## II.

James York contends that, because both the attempt and the substantial crime had been completed prior to his involvement, the evidence is insufficient to support his conviction either of an attempt or of aiding and abetting in an attempt, the offenses charged against him. He asserts that the only evidence linking him to Stephen's fraternal effort to provide him with the contraband is that the two spoke on the telephone the day before. Stephen denied that James asked him to bring the marihuana into the correctional institution.

■ The crime was, indeed, complete when Stephen passed the visitor's reception desk. However, the clock does not stop for purposes of determining whether a participant is properly characterized as an aider and abettor or an accessory after the fact the moment a substantive crime is sufficiently complete to support a conviction. Thus, in *United States v. Willis*, 5 Cir. 1977, 559 F.2d 443, a bank robbery case, the driver of the get-away car asserted that he knew nothing of the robbery until after the money had been taken. Assuming this to be true, we nonetheless upheld the defendant's conviction as an aider and abettor, stating:

> Although a bank robbery may certainly be complete without an escape—as where the culprits are apprehended before their escape, the crime continues throughout the escape for purposes of characterizing the involvement of additional parties who knowingly and willfully join in the escape phase only.

559 F.2d at 444 n. 5. *See also United States v. Barlow*, 1972, 152 U.S.App.D.C. 336, 470 F.2d 1245.

■ Similarly, in this case the criminal purpose of Stephen York was not complete when he strolled into the prison with two balloons filled with marihuana concealed on his person; just as a robbery continues through its escape phase, this offense continued until Stephen had passed the contraband to his brother, and James had returned to the prison population with the contraband. James, by accepting the marijuana and concealing it, became an aider and abettor in the continuing crime of his brother.

## III.

■ The balloon of other arguments is quickly burst. Section 1791, as interpreted by the Attorney General's regulations, requires evidence that the prohibited substance was introduced without the institu-

tional warden's knowledge or consent. *See United States v. Berrigan*, 3 Cir. 1973, 482 F.2d 171. The prosecution did not adduce testimony of the warden at Miami that he neither knew of nor consented to Stephen York's donation of marihuana to his brother's weal, but his lack of knowledge or consent could reasonably have been inferred beyond reasonable doubt from the other evidence: the covert manner of introducing and secreting the marihuana, the evidence of signs in the institution that said "It is unlawful to bring upon these institutional grounds, ammunition, weapons, narcotics [or] anything not authorized by the warden of the institution" and the evidence that Stephen signed a form indicating that he understood the prohibitions stated on the signs.

Stephen has no standing to object to the search of James' body for there surely can be no reasonable expectation by Stephen of privacy in his sibling's body cavities. In any event, we uphold both strip searches of James as lawful and reasonable. Although prisoners retain at least some degree of Fourth Amendment protection, the exigencies inherent in a prison environment, together with the decreased expectation of privacy held by inmates, results in the requirement that the government merely show reasonableness, not probable cause, to validate the search of a prisoner. *United States v. Lilly*, 5 Cir. 1978, 576 F.2d 1240. The more intrusive the search, the heavier is the government's burden of proving its reasonableness. Although strip searches and body cavity searches are among the most intrusive, reasonableness for each of the searches before us is established by evidence that, only moments before, a balloon containing marihuana had fallen from Stephen's pants leg. *United States v. Lilly, supra ; Daugherty v. Harris*, 10 Cir. 1973, 476 F.2d 292, *cert. denied*, 1973, 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91. The second search, whether characterized as a strip search or a body cavity search, was not rendered unreasonable by the initial fruitless strip search. Our everyday experiences as human beings teach us that, on the contrary, it is quite reasonable to take a "second look" when an initial search is unsuccessful. Moreover, a body cavity search is all the more reasonable when conducted only after a strip search fails to reveal any contraband. *United States v. Lilly, supra.*

For these reasons, the convictions of Stephen York and James York are each AFFIRMED.