UNITED STATES of America, Plaintiff-Appellee,

v.

Bruce Christian BROWN and James Patrick Manikowski, Defendants-Appellants.

No. 82–8522.

United States Court of Appeals, Eleventh Circuit.

Oct. 11, 1984.

Rehearing and Rehearing En Banc Denied Dec. 3, 1984.

Vance, Circuit Judge, filed opinion concurring in part and dissenting in part.

---

Stanley M. Baum, Atlanta, Ga. (Court-appointed), for Brown.

Vernon Pitts, Fed. Def. Pro., Inc., Atlanta, Ga., for Manikowski.

James W. Kesler, Julie E. Carnes, Atlanta, Ga., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion May 10, 1984, 11 Cir., 1984, 731 F.2d 1491)

Before VANCE and CLARK, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

### PER CURIAM:

The initial opinion of the panel in this case is reported at 731 F.2d 1491. The government has filed a petition for rehearing with suggestion for rehearing en banc. The panel has reconsidered the initial opinion and the petition for rehearing is GRANTED in part and DENIED in part. The suggestion for rehearing en banc has not yet been considered by the full court, but will be after this opinion is filed.

* Honorable Luther M. Swygert, U.S. Circuit Judge for the Seventh Circuit, sitting by designa-

Judges Clark and Swygert continue to adhere to Part II of the initial opinion, holding that the search of Manikowski and the seizure of cocaine strapped to his leg contravened Manikowski's rights under the fourth amendment. A reevaluation of the relevant case law respecting Brown's standing to move for suppression of the cocaine illegally seized from his co-conspirator leads Judge Clark to conclude that while the question remains close, Brown did not have the requisite standing. Thus, Judge Clark joins Judge Vance in affirming Brown's conviction, while Judge Swygert continues to adhere to his views expressed in Part III of the original panel opinion. Consequently, Parts III and IV which follow are substituted for Parts III and IV of the initial opinion and the opinion is modified accordingly.

### III.

The Supreme Court has held that "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). A person may contest the legality of a search only if "he or she possessed a 'legitimate expectation of privacy' in the area searched." *Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980). The very narrow question in this case is whether Brown, by acting jointly with Manikowski to conceal cocaine on Manikowski's person, shared with Manikowski a legitimate expectation of privacy.

Cases decided by the Supreme Court and our circuit, while deceptively similar to the instant case in many ways, differ in sufficiently significant respects as to render them nondispositive. In *Rawlings, supra,* the defendant hastily dumped drugs into a woman's purse, with the woman's knowl-

tion.

edge; the purse was subsequently searched and the drugs seized, and Rawlings sought to suppress the evidence on fourth amendment grounds. The Supreme Court concluded that Rawlings did not have a legitimate expectation of privacy in the purse, and thus lacked standing to challenge the search, but reached that conclusion in light of factors not present in this case: Rawlings had not sought nor been granted permission to put drugs in the woman's purse; the precipitous nature of the transaction did not support an inference that the petitioner took normal precautions to maintain his privacy; and Rawlings admitted "that he had no subjective expectation that Cox's purse would remain free from governmental intrusion." *Rawlings*, 448 U.S. 98, 104–05, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980).

The facts of *United States v. Herbst*, 641 F.2d 1161 (5th Cir. Unit B 1981), are very nearly identical to this case, with one very significant exception. There, appellants McGowan and Griffin sought to suppress evidence obtained in a search of their co-defendant, Herbst, conducted by the ubiquitous agent Markonni, in which drugs were found strapped to Herbst's leg. The court held that the appellants lacked standing, once again on the basis of a factor not present here: neither McGowan nor Griffin "asserted any privacy interests in the contraband found on Herbst," and in fact, Griffin's defense was that he was unaware that Herbst carried drugs.

Unlike *Rawlings* and *Herbst*, Brown has asserted a privacy interest in Manikowski's person. Brown bases his alleged expectation of privacy upon his joint possession of the contraband concealed beneath Manikowski's clothing; he contends that his expectation that Manikowski would not be subjected to an illegal search was no different from the plainly legitimate expectation of privacy Brown would have had in his own person were the two to have decided to strap the cocaine to Brown's leg.

■ Upon reconsideration, we must disagree. It may well be that Brown had a subjective expectation of privacy in Mani-

kowski's person, but that alone is not enough to trigger the protections of the fourth amendment—the defendant's subjective expectation must also be "one that society is prepared to recognize as reasonable." *United States v. Berrong*, 712 F.2d 1370, 1373 (11th Cir.1983). The question thus boils down to whether Brown's subjective privacy expectation was reasonable and therefore legitimate.

■ "Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. One of the main rights attaching to property is the right to exclude others," *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 431 n. 12, 58 L.Ed.2d 387 (1978). Our circuit has recognized that ownership, or at least the right to exclude others, to control access to the place searched, is an important feature of a legitimate privacy expectation. *United States v. Haydel*, 649 F.2d 1152, 1154–55 (5th Cir.1981); *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir.1983).

Unlike a house, a hotel room, an automobile or a briefcase, one cannot acquire a right to exclude others from access to a third person. It is, of course, well settled that there is no legitimate expectation of privacy in confidential communications to third persons not otherwise privileged:

The risk of being … betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society. It is the kind of risk we necessarily assume whenever we speak.

*Hoffa v. United States*, 385 U.S. 293, 303, 87 S.Ct. 408, 414, 17 L.Ed.2d 374 (1966); *United States v. Yonn*, 702 F.2d 1341, 1347 (11th Cir.1983). On the authority of *Hoffa*, if Manikowski were an informant who betrayed Brown and surrendered the cocaine to the government, Brown could not exclude the cocaine from evidence on a theory

that he had a legitimate expectation of privacy in contraband stowed in Manikowski's pant leg: Brown would have to be held to have assumed the risk of betrayal. The reason is that Brown cannot reasonably expect to control Manikowski, whom he talks to, or who talks to him. Because Brown could not assert control over Manikowski and could not exclude access to Manikowski, he cannot assert a legitimate privacy interest in contraband hidden on Manikowski's person. *See United States v. York*, 578 F.2d 1036, 1041 (5th Cir.1978) (defendant has no reasonable expectation of privacy in his co-defendant's body cavities).

### IV.

■ Brown further challenges the admission into evidence of the two revolvers found in his luggage. The gist of Brown's complaint is that the luggage was seized in California upon its arrival on a flight from Florida, and that absent any indication that the luggage had been present in Georgia, it could not properly be searched pursuant to a warrant issued in Georgia. Even were we to assume, which we do not, that the luggage was improperly searched, the resulting error was completely harmless. The government's case against Brown was strong, and the presence of a handgun in his luggage was at best peripheral to his conviction for aiding and abetting the possession of cocaine. *United States v. Bazinet*, 462 F.2d 982, 988 n. 4 (8th Cir.1972). Brown's judgment of conviction must therefore be AFFIRMED.

VANCE, Circuit Judge, concurring in part and dissenting in part:

The effect of the panel majority's per curiam opinion on petition for rehearing is to affirm Brown's conviction and to reverse the conviction of Manikowski. I concur in the per curiam opinion affirming Brown's conviction. I continue to dissent from the reversal of Manikowski's conviction for the reasons previously stated. 731 F.2d at 1496.