**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eddie Joe ROYBAL, Defendant-Appellant.**

No. 86–1052

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 16, 1986.

Weldon Frank Gaston, Plainview, Tex., for defendant-appellant.

Marvin Collins, U.S. Atty., Jimmy L. Tallant, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Appellant challenges the sufficiency of the evidence supporting his conviction on

two counts of a four count indictment. We affirm.

Appellant, a correctional officer at the federal prison in Big Springs, Texas, engaged in a conversation with two inmates, Cauble and Gunter, in which Cauble offered to loan appellant some money. Appellant accepted and later received a letter with two money orders totaling $11,500 from Cauble's sister. Gunter informed the prison officials of this conversation and an investigation was started. Gunter, with permission from prison officials, asked appellant to obtain some Darvoset tablets, a schedule IV controlled substance, for him to relieve back pain he was experiencing; Roybal complied with this request and obtained the capsules for Gunter.

Gunter then had another conversation with Roybal in which he informed appellant that a box would be mailed to appellant's home. Roybal was told the box would contain $10,000 for him and "something" for Gunter. A box containing sixty-five non-narcotic pills and $1,000 cash was prepared by an F.B.I. agent and mailed to appellant's house. Once he received it, appellant brought the box with him to prison. After summoning Gunter to his office, appellant, although surprised by the $9,000 shortage, took the $1,000 and allowed Gunter to leave with the pills; the prison officials apprehended appellant and Gunter after this transaction.

Appellant was indicted and convicted on two counts of receiving money from an inmate in violation of 18 U.S.C. § 201(g) and two counts of providing an inmate with a controlled substance in violation of 18 U.S.C. § 1791. He was sentenced to concurrent terms of one year and six months on counts 2 and 4, respectively, to be served consecutively to the concurrent two year terms he received for counts 1 and 3. On appeal, appellant only challenges the evidence supporting his convictions for providing the inmate with a controlled substance in violation of 18 U.S.C. § 1791.[1]

The regulations implementing this statute require proof that the warden lacked knowledge of or failed to consent to the admission into the prison of an object to be transferred to an inmate. 28 C.F.R. § 6.1 (1985); *United States v. York*, 578 F.2d 1036, 1040 (5th Cir.), *cert. denied*, 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1978). Appellant contends that the evidence fails to establish this element of the crime; he argues that the warden knew that the pills he carried were being brought into the prison because the warden participated in the investigation involving Gunter and appellant. This argument is unpersuasive. "That the warden may have suspected, or even known that a person would attempt to illegally bring contraband into the institution, where that person does not himself rely on the warden's consent or knowledge, would not defeat a conviction under the statute." *United States v. Adams*, 768 F.2d 1276, 1277 (11th Cir.1985). The warden's testimony that he did not authorize appellant to bring in the pills sufficiently establishes that appellant did not have the "immunizing consent or knowledge of the warden." *Id.* The judgment is

AFFIRMED.

1. Section 1791 provides in pertinent part:
   (a) **Offense.**—A person commits an offense if, in violation of a statute, or a regulation, rule, or order issued pursuant thereto—
   (1) he provides or attempts to provide, to an inmate of a Federal penal or correctional facility—
   (A) a firearm or destructive device;
   (B) any other weapon or object that may be used as a weapon or as a means of facilitating escape;
   (C) a narcotic drug as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802);
   (D) a controlled substance, other than a narcotic drug, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), or an alcoholic beverage;
   (E) United States currency; or
   (F) any other object; or
   (2) being an inmate of a Federal penal or correctional facility, he makes, possesses, procures, or otherwise provides himself with, or attempts to make, possess, procure, or otherwise provide himself with, anything described in paragraph (1).
   18 U.S.C.A. § 1791(a) (West Supp.1986).