961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ernest Curry PICKARD, Defendant-Appellant.
 No. 91-5114.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 13, 1992
Decided: May 6, 1992
 
 Mary K. Nicholson, Greensboro, North Carolina, for Appellant.AT1Robert H. Edmunds, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ernest Curry Pickard pled guilty to two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). In the district court, Pickard sought to suppress evidence revealed in a search of persons in his home. The district court determined that the evidence was admissible and denied Pickard's motion. Pickard challenges the district court's denial on appeal.* We affirm.
 
 
 2
 * On February 28, 1991, officers of the Greensboro Police Department were led to believe that drugs were being distributed from Pickard's home. While some officers went to obtain a search warrant, others stayed at the residence and detained the individuals inside. The officers testified at the suppression hearing that they detained the persons in the house because they feared that otherwise evidence would be destroyed. The persons in the house were told they were free to go if they agreed to a body search. After a search warrant was obtained, the officers searched the house and the persons in it. In the underclothes of Cynthia Brim, one of the occupants of the house, the police found cocaine. Upon the discovery of the drugs, Pickard spontaneously stated that the drugs found on Brim were his and that Brim had nothing to do with it. Brim and Pickard were arrested.
 
 
 3
 Pickard filed a motion to suppress the drugs and his statement. After a suppression hearing, the district court found that the officers had probable cause to obtain a search warrant before they entered the premises, and that no evidence obtained after the entry was used to acquire the warrant. In addition, the district court determined that the detention of the persons in the house prior to the arrival of the search warrant was illegal, and that the search of Brim exceeded the scope of the warrant. Finally, the district court found that Pickard did not have standing to object to the search of Brim, and therefore, the drugs and statement were admissible against him.
 
 II
 
 4
 Pickard claims that his status as owner of the house and the drugs created a privacy interest in the place searched sufficient to provide him standing to challenge the admissibility of the evidence. However, Fourth Amendment rights are personal and may not be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 148 (1978). Thus, a defendant must have a legitimate expectation of privacy in the place to be searched in order to raise a challenge to the legality of the search. Id. Pickard did not have a legitimate expectation of privacy in Brim's underwear regardless of his ownership of the house and drugs. See United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984) (an expectation of privacy arises from the place searched, not the items found); United States v. Brown, 743 F.2d 1505, 1507 (11th Cir. 1984) (person does not have legitimate expectation of privacy in third person). As a result, Pickard has no expectation of privacy to challenge the admissibility of the drugs in his case. The district court correctly denied the motion to suppress the drugs.
 
 
 5
 Pickard also claims that the district court erred in denying his motion to suppress his statement acknowledging ownership of the drugs as a fruit of the improper search and detention of Brim. We disagree. Under the factors outlined in Rawlings v. Kentucky, 448 U.S. 98, 107 (1980), we find that Pickard's statements were not tainted by any illegality and were properly admitted.
 
 III
 
 6
 For the aforementioned reasons, we affirm the district court's denial of Pickard's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Pickard reserved his right to appeal these issues pursuant to Fed. R. Crim. P. 11(a)(2)